Case Number: LSP-2012-2481
Second Step Attached Sheets, page 1 of 4

I am not satisfied with the first step responce because it appears that the response is intended to mislead the Courts, (reader), and gloss over the conditions mentioned.

If one reads my Request For Administrative Remendy they will see that I NEVER said the water in my cell was to hot to drink. I did state that the drinking water was contaminated.

The first step respondant cites the U.S. Environmental Protection Agency (EPA) on heat conditions around the country. However, this does not apply to this NEW Death Row building. This new Death Row building was not constructed with NATURAL COOLING and Ventilation in mind.

Design and construction plans for this building intended that every area of this building that would be inhabited or occupied by humans be airconditioned.

The decision to NOT connect the tiers where Death Row prisoners live and sleep was made by Someone at the Louisiana State

Case Number: LSP-2012-2481
Second Step Attached Sheets, page 2 of 4

Penitentiary and/or the Louisiana Department of Corrections. Every other area of this building where humans work or occupy are airconditioned. The only area of the Death Row unit where humans work or occupy that are NOT airconditioned are the tiers where Death Row prisoners live and sleep.

First step respondant attempts to make it appear that my medications and ~~my~~ health condition alone caused conditions mentioned in my ARP.

However, the conditions mentioned in my ARP were never experienced by me before they moved the fan on F tier and exposed me to extreme heat conditions.

The first step respondant states that I did not make the $3.00 sick call to report my symtoms. The first step respondant is correct because even if I had I would have only been paying $3.00 for a sick call technician, (depending on which one it is), to send me a $2.00 aspirin.

As for the primary care physician mentioned

Case Number: LSP-2012-2481
Second Step Attached Sheets, page 3 of 4

by the first step respondant, I was sitting in front of Dr McMurto and I mentioned a health concern. Dr. McMurto told me, "I am only here to see you about specific things. If you want to talk to me about ANYTHING else, you will have to go back and make, (a #3.00), sick call and sick call will then put you down to see me about this health concern."

And because prison security dictates and controls health care there would be no record and/or documentation stressing excessive heat as the cause for any health related events.

The first step respondant talks about a review of H-tier's temperature log book. However I was in cell #14 on F-tier from the day death row was moved into this building until after July 1st, 2012. So first step respondant should check the temperature log for F-tier, for the dates in question.

The first step respondant quotes a lot of stats, about the Louisiana Public health and Sanitary codes and inspections. I have

Case Number: LSP-2012-2481
Second Step Attached Sheets, page 4 of 4

a simple response to that. Let any employees that work at the Louisiana State Penitentiary at Angola volunteer to be monitored by a Court of law observer and "Drink" the water here for two weeks and <u>NOT</u> bring or buy water like all employees here do.

These are typical Louisiana State Penitentiary and DOC responses. Therefore I am not satisfied with the first step response.

Submitted By
<u>Nathaniel Code</u>
#1600 Death Row
Louisiana State Prison
Angola Louisiana 70712

CC: Mercedes Montagnes, Attorney
636 Baronne Street
New Orleans La. 70113

Files