FIRST STEP RESPONSE FORM (FIRST STEP RESPONDENT)

TO: MCGEE, JAMES 559701                    DR A TIER
                                           Living Quarters

Response to request dated 08/28/2012, received in this office on 08/29/2012

Your request for administrative remedy (ARP #LSP-2012-2799) was received and investigated.

You claim that it has been extremely hot on Death Row, especially on August 1, 2012, and that you are more susceptible to the heat because you take prescription medications for high blood pressure, high cholesterol, and depression. You also claim: 1) the fans and ice provided for you are insufficient for your needs, and 2) the water in your shower/cell is hot, smells bad, and is barely drinkable.

As remedy, you request: 1) air conditioning or other effective cooling system be provided for you, 2) compensatory damages in the amount of $100/day for each day spent in extreme heat, 3) a declaratory judgment that current conditions violate your constitutional right against cruel and unusual punishment, 4) to interview specified staff and to receive copies of specified documents related to death row and all assigned offenders, and 5) no retaliation against you for filing this request for administrative remedy.

According to the U.S. Environmental Protection Agency (EPA), extreme heat conditions are defined by summertime weather that is substantially hotter and/or more humid than average for a specific location at that time of year. The Louisiana State Penitentiary (LSP) defines heat alert conditions when the indoor temperature exceeds 90-degrees Fahrenheit, which is an absolute temperature threshold rather than the seasonally adjusted temperature threshold of the EPA. As summertime weather in Louisiana typically averages between 90 and 110-degrees, LSP's definition demonstrates more caution than that of the EPA. In addition, studies by the EPA suggest that extreme heat conditions have the least impact in the South and Southwest, as these populations are acclimated or accustomed to the elevated or higher temperatures as opposed to areas with tremendous deviation from typical conditions, such as in the Northeast and Midwest that seldom reach temperatures of 90-degrees Fahrenheit or higher.

Although health care staff makes daily rounds and you are regularly seen by your primary care physician and mental health clinician for hypertension, high cholesterol, and depression, respectively, you have voiced no medical complaints (dizziness, cramps, headaches, etc.) in relation to the summer heat. And, while there is no medical documentation to indicate that your blood pressure or cholesterol was (or is) adversely affected by the heat, your primary care physician did note on at least one occasion (December 6, 2011) that you were non-compliant or not taking your (hypertension) medication as prescribed.

A review of the DR A-Tier log book revealed that the indoor temperature on August 1, did not exceed 90-degrees. It is noted that you regularly participated in a one-hour period of strenuous outside exercise, a factor that exponentially increases your risk of experiencing an adverse heat-related outcome. In fact, most health risks attributable to the normally hot summers in the South can be considerably reduced and/or eliminated by personal behavioral choices and/or precautions, e.g., wearing appropriate clothing, staying hydrated, avoiding heavy meals and strenuous outside exercise, following doctor's orders, etc.

As to your remaining claims, the Louisiana Public Health and Sanitary Code establishes and mandates related operational standards or requirements for all prisons, including potable water for drinking purposes, lavatories, showers, and ventilation systems and monitors same to ensure compliance. During the most recent inspection of LSP (April 3 & 5, 2012), the state health inspectors found death row in compliance with the Health and Sanitary Code, with only two minor notations totally unrelated to any of your claims. In addition, LSP policy and the standard security practices of Death Row provide appropriate measures to monitor and reduce any adverse heat-related risk of its offender population.

In conclusion, while the temperature in your cellblock may be insufficient for your personal needs, that alone does not support your claims that you were or continue to be subjected to cruel and unusual punishment. Therefore, I find your claims are without merit.

Your request for administrative remedy is denied.

Prepared by: _____
    Angie Norwood/AWII/cm

Approved by: _____
    Joe Lamartiniere/AWIII/tlb

_____          _____
    Date                                         Unit Head

Instructions to Offender:  If you are not satisfied with this response, you may go to Step Two by checking below and forwarding to the ARP Screening Officer in the manila envelope within 5 days of your receipt of this decision.

(✓)  I am not satisfied with this response and wish to proceed to Step Two.

Reason: _I restate everything contained in the original ARP_
_and believe that there are ongoing constitutional violations_

___11 / 7 /12___          _____ 559701
    Date                      Offender's Signature   DOC#