UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ELZIE BALL, NATHANIEL CODE, AND JAMES MAGEE, | * * * | CIVIL ACTION NO. 13-368 |
| PLAINTIFFS | * * | |
| VS. | * * | |
| JAMES M. LEBLANC, SECRETARY OF THE LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, BURL CAIN, WARDEN OF THE LOUISIANA STATE PENITENTIARY, ANGELA NORWOOD, WARDEN OF DEATH ROW, AND THE LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, | * * * * * * * * * * * | JUDGE: BAJ MAGISTRATE: SCR |
| DEFENDANTS | * | |

## PROPOSED DISCOVERY ORDER

### Joint Proposed Discovery Schedule

| | |
|---|---|
| July 9, 2013 | Initial discovery period to commence. |
| July 13, 2013 | Defendants' deadline to file responsive pleadings, answer, and affirmative defenses. |
| July 15, 2013 | Date that 21-day data collection begins |
| July 16, 2013 | Last day for fact discovery to be propounded (interrogatories, requests for production or inspection of documents and things, or requests for admission) |
| July 17, 2013: | Expert witnesses' (as defined pursuant to Rules 702, 703 or 705, Fed.R.Evid.) disclosure due |
| July 19, 2013 | Rebuttal expert witnesses' disclosures due |
| July 22, 2013 | Fact discovery deadline. First round of data collection to be disseminated and thereafter at least weekly |

July 22, 2013           Witness list due

July 23, 2013           Telephone Status conference with Court[1]

July 24, 2013           Last day to exchange expert reports

July 26, 2013           Deadline for Daubert motions, Motions in Limine (excluding anything that may arise over the course of expert depositions occurring after this deadline), all other evidentiary objections, and motions reserved

July 25, 2013-
July 31, 2013,          Expert depositions.

August 4, 2013          Last day of data collection

## Joint Proposed Stipulations

1. In light of the abbreviated discovery phase in this expedited matter, Plaintiffs and Defendants (together, the "Parties"), through the submission of this joint discovery plan, stipulate to the waiver of the requirement for an initial disclosures under Rule 26 and stipulate that the Parties may seek discovery, consistent with the joint discovery plan or this Court's order, without the need for a Rule 26(f) conference.

2. The parties agree that they will not file dispositive motions prior to the August 5, 2013 trial date, unless the Court's order is modified and the date for the trial delayed.

3. 21-day court-ordered heat and humidity data collection is excluded from the general discovery schedule dates.

4. Plaintiffs agree to enter into a protective order governing the discovery of sensitive prison facility architecture and/or security measures.

5. The parties agree to accept service of discovery requests via electronic mail

6. Defendants agree to provide Plaintiffs two telephonic meetings with counsel per week via non-monitored, privileged means until the August 5, 2013 trial.

7. The parties agree that they have six days to respond to all discovery requests.

---

[1] The parties propose pre-setting a discovery conference on this day to address any problems which may arise from the discovery requests. We would request a telephone status conference with the District or Magistrate Judge to address the concerns.

8. The parties agree that the parties, employees of the Department of Corrections and the parties' respective expert witnesses will appear at trial and their scheduled depositions, if any, without the formality of issuing subpoenas.

## Data Collection Plan

**Agreement**

The parties have agreed to enlist the services of an expert to conduct the data collection beginning on July 15, 2013 , in accordance with this Court's prior order.  This collection will consist of multiple daily readings for a period of twenty-one (21) days.   At the time of filing of this document, the parties remain engaged in the selection of a mutually-agreed upon expert. The parties agree to select the expert by no later than 5:00p.m.on Wednesday, July 10, 2013, and will notify the Court accordingly.

Both parties agree to allow counsel and one designee from each side to be present at the time of installation for the purpose of ensuing that the instrumentation is properly installed. .

Both parties agree that the data will be  retrieved at least once a week beginning on July 22, 2013 and disseminated to all parties.

The costs of the data collection will be initially borne by defendants, who expressly reserve their rights to have these costs assessed as costs at the end of this litigation.

*Plaintiff*

Plaintiffs request that they be permitted to send in an identified designee to verify the temperatures that are being taken and to insure that the instruments in the defendants' possession have not suffered any tampering once per week for the three weeks of data collection. Plaintiffs are willing to confine their visits to a set of times each day, submit to being escorted inside the prison, and compromise on any other security concerns which Defendants have in order to accomplish this goal.

*Defendant*

Plaintiffs' request for a designee to visit the tiers to verify that the temperatures are correct and that the data/ instrumentation is not being complied with is, first, is vague, as they have not identified a designee or any way to confirm that the readings are accurate or not.  It is entirely burdensome to the Department and its staff and Defendants counsel, as we would have to make available an equivalent but qualified designee to accompany Plaintiffs' designee in an already abbreviated pre-trial/discovery phase.  Further, it is duplicitous of having a third party data collector expert install, monitor, and collect the data requested by the Court.  Furthermore, the parties have already agreed to take appropriate measures and safeguards to combat tampering

or incorrectly functioning instrumentation, as both parties will have counsel and a designee at the installation and calibration of the instrumentation. Furthermore, the independent third party data collector will specifically monitor the equipment for potential tampering and notify both parties in the event there is a malfunction or any other abnormality. For these reasons, Defendants submit that weekly spot checks by Plaintiffs' designees are unnecessary, unduly burdensome, and duplicative.

Respectfully Submitted:

Attorneys for the Defendants

**SHOWS, CALI & WALSH, LLP**

  /s/ Jacqueline B. Wilson
E. Wade Shows, La. Bar Roll No. 07637
Jacqueline B. Wilson, La. Bar Roll No. 31055
628 St. Louis Street (70802)
P.O. Drawer 4425
Baton Rouge, Louisiana 70821
Telephone: (225) 346-1461
Facsimile:  (225) 346-1467
ews@scwllp.com
jbw@scwllp.com

**ROEDEL, PARSONS, KOCH, BLACHE, BALHOFF & MCCOLLISTER**
Thomas E. Balhoff, Bar Roll No. 2716
Judith R. Atkinson, Bar Roll No. 17240
Carlton Jones, III, Bar Roll No. 25732
Special Assistant Attorneys General
8440 Jefferson Highway, Suite 301
Baton Rouge, Louisiana 70809
Telephone: (225) 929-7033
Facsimile:  (225) 928-4925

Attorneys for the Plaintiffs

s/ Mercedes Montagnes
Mercedes Montagnes, La. Bar No. 33287
Elizabeth Compa, La. Bar No. 35004
The Promise of Justice Initiative
636 Baronne Street
New Orleans, LA 70113

Tel. (504) 529-5955
Fax (504) 558-0378
Email: mmontagnes@thejusticecenter.org

Mitchell A. Kamin, Ca. Bar No. 202788
Jessica C. Kornberg, Ca. Bar No. 264490
Nilay U. Vora, Ca. Bar No. 268339
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks & Lincenberg, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Tel. (310) 201- 2100
Fax (310) 201- 2110

Steven Scheckman, La. Bar No. 08472
Schiff, Scheckman, & White LLP
829 Baronne Street
New Orleans, Louisiana 70113
Tel. (504)581-9322
Fax (504)581-7651
Email: steve@sswethicslaw.com