# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

ELZIE BALL, ET AL.                                         CIVIL ACTION

VERSUS

JAMES M. LEBLANC, ET AL.                          NO.: 13-00368-BAJ-SCR

## RULING AND ORDER

Before the Court is a **Motion and Incorporated Memorandum to Request Judicial Notice of Administrative Prison Regulations and Louisiana Laws Requiring Climate Control (Doc. 55)**, filed by Plaintiffs Elzie Ball, Nathaniel Code, and James Magee (collectively "Plaintiffs"), seeking an order from this Court taking judicial notice of approximately thirty-four statutes, regulations, policies, procedures, directives, and standards from approximately twenty-three states, including the State of Louisiana.[1] Defendants James M. LeBlanc, Nathan Burl Cain, Angelia Norwood, and the Louisiana Department of Public Safety and Corrections (collectively "Defendants") oppose the motion. (Doc. 60.) The Court heard oral argument on the motion on August 5, 2013. (Doc. 75.) It is uncontested that this Court has jurisdiction over these proceedings pursuant to 28 U.S.C. §§ 1331, 1343, and 2201.

---

[1] Specifically, Plaintiffs request the Court take judicial notice of statutes, regulations, policies, procedures, directives, and standards, related to climate control in correctional facilities, from twenty-two states. (Docs. 55-1 - 55-22.) Plaintiffs also request the Court take judicial notice of sections of Louisiana's statutes and administrative code that require climate control in non-adult correctional facilities. (Docs. 55-23 - 55-34.)

In support of the motion, Plaintiffs argue that the Court may take judicial notice of federal and state law, and administrative regulations. During the hearing on the matter, counsel for Plaintiffs conceded that the proposed statutes, regulations, policies, procedures, directives, and standards are legislative facts. Thus, Federal Rule of Evidence 201 does not apply. Counsel argued, however, that pursuant to the Eighth Amendment, the Court must evaluate the conditions of confinement in the death row tiers at the Louisiana State Penitentiary against the evolving standards of decency that mark the progress of a maturing society. According to counsel, the proposed legislative facts are examples of our society's evolving standards. Thus, Plaintiffs' motion should be granted.

In opposition, Defendants argue that it would be improper for the Court to take judicial notice of the proposed legislative facts to establish the applicable legal standard. Defendants further argue that the proposed legislative facts are inconsistent and irrelevant to Plaintiffs claims. During the hearing, counsel for Defendants further argued that the proposed legislative facts are not binding on the Louisiana Department of Public Safety and Corrections. Thus, Plaintiffs' motion should be denied.

The legal standard by which the Court must review Plaintiffs' claims is well established in relevant case law. However, "the Supreme Court has made clear that the standard against which a court measures prison conditions are 'the evolving standards of decency that mark the progress of a maturing society,' and not the standards in effect during the time of the drafting of the Eighth Amendment." *Gates v. Cook*, 376 F.3d 323, 332-33 (5th Cir. 2004) (quoting *Estelle v. Gamble*, 429 U.S. 97,

102 (1976)). Accordingly, this Court *must* measure the conditions of confinement in the death row tiers at the Louisiana State Penitentiary against "'the evolving standards of decency that mark the progress of a maturing society.'" *Id.* (quoting *Estelle*, 429 U.S. at 102).

Considering the nature of Plaintiffs' claims, the content of the proposed statutes, regulations, policies, procedures, directives, and standards from twenty-three states, including the State of Louisiana, and the requirement that the Court evaluate the conditions of confinement in the death row tiers at the Louisiana State Penitentiary against society's evolving standards, the Court concludes that judicial notice of the proposed statutes, regulations, policies, procedures, directives, and standards is proper.

Accordingly,

**IT IS ORDERED** that Plaintiffs' **Motion and Incorporated Memorandum to Request Judicial Notice of Administrative Prison Regulations and Louisiana Laws Requiring Climate Control (Doc. 55) is GRANTED.**

Baton Rouge, Louisiana, this 19th day of December, 2013.

*Brian A. Jackson*

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**