# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

ELZIE BALL, ET AL.                                   CIVIL ACTION

VERSUS

JAMES M. LEBLANC, ET AL.                             NO.: 13-00368-BAJ-SCR

## RULING AND ORDER

Before the Court is **Defendants' Motion to Stay Pending Appeal (Doc. 97)**, filed by Defendants James M. LeBlanc, Nathan Burl Cain, Angelia Norwood, and the Louisiana Department of Public Safety and Corrections (collectively "Defendants"), seeking an order from this Court staying its Ruling and Order (Doc. 87), which, *inter alia*, granted Plaintiffs Elzie Ball, Nathaniel Code, and James Magee's (collectively "Plaintiffs") request for declaratory and injunctive relief, and ordered Defendants to develop and implement a plan to reduce and maintain the heat index in the Louisiana State Penitentiary death row tiers at or below 88 degrees Fahrenheit. (Doc. 87, p. 100.) Specifically, Defendants request the Court stay its Ruling and Order until Defendants appeal the decision to the United States Court of Appeals for the Fifth Circuit, and the Fifth Circuit decides Defendants' appeal. For the following reasons, **Defendants' Motion to Stay Pending Appeal (Doc. 97) is DENIED**, and Defendants are, again, ordered to develop a plan to reduce and maintain the heat index in the Louisiana State

Penitentiary death row tiers at or below 88 degrees Fahrenheit, and submit such plan to the Court no later than February 17, 2014 at 5:00 p.m.

Motions to stay proceedings pending an interlocutory appeal[1] under 28 U.S.C. § 1292(a)(1) are made pursuant to Federal Rule of Civil Procedure 62(c), which provides: "**Injunction Pending an Appeal.** While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore or grant an injunction on terms for bond or other terms that secure the opposing party's rights. . . ." Fed.R.Civ.P. 62(c). When determining whether to grant a stay, courts must evaluate: (1) whether the applicant has made a strong showing that he is likely to succeed on merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of a stay will substantially injure the other parties' interest(s) in the proceeding; and (4) whether granting a stay serves the public interest. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Voting for Am., Inc. v. Andrade*, 488 F. Appx. 890, 893 (5th Cir. 2012); *see also see also Nken v. Holder,* 556 U.S. 418, 426 (2009). While the Fifth Circuit has refused to apply these factors in a rigid, mechanical fashion, *Ruiz v. Estelle*, 650 F.2d 555, 565

---

[1] Generally, a district court order is final and appealable under 28 U.S.C. § 1291 only if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 102 (5th Cir. 1996) (citing *Catlin v. United States*, 324 U.S. 229, 233 (1945)); *see also Johnson v. Combs*, 471 F.2d 84, 87 (5th Cir. 1972) (judgment or order is final for purposes of appealability when it "ends the litigation on the merits and comprehends only execution of the court's decree"); *Lewis v. E.I. Du Pont De Nemours & Co.*, 183 F.2d 29, 31 (5th Cir. 1950) ("[a] final decision generally is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."). Here, the Court has not entered a final judgment, nor did the Court's Ruling and Order put an end to the action. Rather, the Court's Ruling and Order requires further action by both parties and the Court. Thus, at this stage of the litigation, Defendants are precluded from seeking an appeal of a final judgment, pursuant to 28 U.S.C. § 1291.

2

Case 3:13-cv-00368-BAJ-SCR   Document 100   01/17/14   Page 2 of 6

(5th Cir. 1981), such a stay is a matter of judicial discretion, not a matter of right. *Nken,* 556 U.S. at 433. Thus, the party who requests a stay pending appeal bears the burden of showing that the balance of the four factors weigh in favor of a stay. *U.S. v. Baylor University Medical Center,* 711 F.2d 38, 39 (5th Cir.1983) (citing *Ruiz,* 650 F.2d at 565).

In support of their motion, Defendants argue that a serious legal question is present here. Namely, "whether prison conditions [in the death row tiers] pose a substantial risk of harm to a prisoner so as to violate the Eighth Amendment." (Doc. 97-1, p. 5.) Defendants also "take issue" with the Court's requirement that Defendants develop and implement a plan to reduce and maintain the heat index in the death row tiers at or below 88 degrees Fahrenheit, rather than a temperature.

It is beyond dispute that the Eighth Amendment's prohibition against cruel and unusual punishment requires that prisoners be afforded "humane conditions of confinement." *Farmer v. Brennan,* 511 U.S. 825, 832 (1994). It is also beyond dispute that a prison official's failure to provide inmates relief from extreme temperatures may constitute an Eighth Amendment violation. *Wilson v. Seiter,* 501 U.S. 294, 304 (1991); *Smith v. Sullivan,* 553 F.2d 373, 381 (5th Cir. 1977); *Blackmon v. Garza,* 484 F. Appx. 866, 869 (5th Cir. 2012) (unpublished); *Valigura v. Mendoza,* 265 F. Appx. 232, 235 (5th Cir. 2008) (unpublished).

It is axiomatic that extreme heat coupled with inadequate cooling devices presents a substantial risk of serious harm to prisoners. *Gates v. Cook,* 376 F.3d 323, 332 (5th Cir. 2004). Thus, prison officials violate the Eighth Amendment when they

3

Case 3:13-cv-00368-BAJ-SCR   Document 100   01/17/14   Page 3 of 6

act with deliberate indifference to this substantial risk of serious harm to prisoners. *Id.* Accordingly, where, as here, the Court concluded that: (1) Plaintiffs met their burden of establishing that the conditions of confinement in the death row tiers constitute a substantial risk of serious harm; and (2) Defendants disregarded the substantial risk of serious harm to Plaintiffs' health and safety *there is no serious legal question.*

In other words, Defendants argument amounts to little more than an attempt to contest the Court's requirement that Defendants develop and implement a plan to reduce and maintain the heat index in the death row tiers at or below 88 degrees Fahrenheit. However, the Court's determination that the heat index must be maintained at or below 88 degrees Fahrenheit is a *factual issue*, not a legal issue. Indeed, the Court's determination was based on data collected by neutral third-party expert and the evidence presented at trial, *most of which Defendants failed to contest.* Thus, Defendants have not met their burden of establishing that a serious legal question is presented.

Assuming, *arguendo*, that a serious legal question exists, the Court finds that the other four factors do *not* weigh in favor of granting a stay. First, it is well established that "inadequate resources can never be an adequate justification for depriving any person of his constitutional rights." *Udey v. Kastner*, 805 F.2d 1218, 1220 (5th Cir. 1986) (citing *Smith v. Sullivan*, 563 F.2d 373, 378 (1977)); *see also Rozecki v. Gaughan*, 459 F.2d 6, 8 (1st Cir. 1972) ("Humane considerations and constitutional requirements are not, in this day, to be measured or limited by dollar

4

considerations."); *Gates v. Collier*, 501 F.2d 1291, 1319 (1972) ("Where state institutions have been operating under unconstitutional conditions and practices, the defense[ ] of fund shortage[s] . . . [has] been rejected by the federal courts."). Accordingly, the Court is hard pressed to conclude that the alleged cost of developing, and possibly implementing, a plan before Defendants file their appeal *and* before the Fifth Circuit decides Defendants' appeal, rises to the level of an irreparable injury that justifies a stay.

Second, Defendants argument that the imposition of a stay will not substantially injure Plaintiffs is unavailing, at best. Defendants have yet to file their interlocutory appeal. Once Defendants file their appeal, it may take months for the Fifth Circuit to decide the matter. *See Nken*, 556 U.S. at 421. Given the extreme heat conditions in the death row tiers during the summer months, there is a serious risk of future harm to Plaintiffs. This factor does not weigh in favor of granting a stay.

Third, it is beyond dispute that the Court's requirement that Defendants take immediate action toward alleviating the unconstitutional conditions of confinement serves the public interest in that it will enforce the fundamental rights enshrined in the United States Constitution. Any purported public interest in reserving public funds until the Fifth Circuit decides an appeal, that has not even been filed, cannot and does not outweigh the public's interest in upholding the guarantees of the United States Constitution. This factor does not weigh in favor of granting a stay.

In sum, the Court concludes that Defendants have failed to meet their burden. Defendants have failed to establish that a serious legal question is presented.

5

Assuming, *arguendo*, that a serious legal question exists, the Court finds that Defendants have failed to show that the balance of the four factors weighs in favor of a stay. *See Ruiz*, 650 F.2d at 565

Accordingly,

**IT IS ORDERED** that **Defendants' Motion for Expedited Consideration of Motion to Stay Pending Appeal and Incorporated Memorandum in Support (Doc. 98) is GRANTED**.

**IT IS FURTHER ORDERED** that **Defendants' Motion to Stay Pending Appeal (Doc. 97) is DENIED**.

Baton Rouge, Louisiana, this 17th day of January, 2014.

**BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

6