UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ELZIE BALL, NATHANIEL CODE, AND JAMES MAGEE, | * * * | CIVIL ACTION NO. 13-368 |
| PLAINTIFFS | * * | |
| VS. | * * | |
| JAMES M. LEBLANC, SECRETARY OF THE LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, BURL CAIN, WARDEN OF THE LOUISIANA STATE PENITENTIARY, ANGELA NORWOOD, WARDEN OF DEATH ROW, AND THE LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, | * * * * * * * * * * | JUDGE: BAJ  MAGISTRATE: SCR |
| DEFENDANTS | * * | |

## MEMO IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PAYMENT OF EXPERT FEES

NOW INTO COURT come Plaintiffs Elzie Ball, Nathaniel Code, and James Magee, through undersigned counsel, and respectfully request the Court to compel Defendants James M. LeBlanc, Burl Cain, Angelia Norwood, and the Louisiana Department of Public Safety and Corrections under Fed. R. Civ. P. 37 to pay the expert witness fees of Plaintiffs' experts Dr. Susi Vassallo, James Balsamo, and David Garon, as required by Fed. R. Civ. P. 26(b)(4)(E)(i).

**I.    Background**

    **a.  The underlying litigation**

Plaintiffs brought this action in order to challenge the extreme heat conditions on Death Row at the Louisiana State Penitentiary ("Angola") during the summer months. Much of the merits of the litigation turned on identifying the health risks associated with prolonged exposure

1

to extreme heat; accurately determining the actual thermal conditions on the Death Row tiers; and understanding the current mechanical set-up on the Death Row tiers as well as what alternative mechanical options are available.

Plaintiffs retained one expert on each of these subjects. Dr. Susi Vassallo is the head of emergency medicine at Bellevue hospital and an expert on thermoregulation, which is the body's ability to regulate its temperature and respond to environmental inputs. Mr. James Balsamo is a health and safety expert and professor whose expertise includes the effects of extreme environmental conditions on various populations. Mr. David Garon is a testing and balancing expert in the field of heating, ventilation, and air-conditioning who has decades' worth of experience measuring the efficacy of mechanical heating and cooling systems.

Defendants deposed each of these experts as described *infra*. At no point prior to these depositions did Defendants inquire as to the experts' rates, much less objecting to any of those rates. It was only after the fact, well after Defendants had already taken Plaintiffs' experts' time in these depositions and after Plaintiffs wrote to Defendants requesting prompt payment to their experts, that Defendants voiced any objection as to reasonableness.

### b. Dr. Susi Vassallo's deposition

Defendants deposed Dr. Vassallo on Friday, August 2, 2013. The deposition lasted 2.5 hours. *See* Invoice of Dr. Vassallo, Ex. 1. Because Dr. Vassallo was deposed via videoconference, she did need to travel for the deposition. The remuneration she seeks for her time does not include her travel time getting to and from the site of the deposition in New York. Rather, Dr. Vassallo seeks only to recover for the 2.5 hours she spent in the deposition. Dr. Vassallo's hourly rate for court time, including depositions, is $500. Plaintiffs respectfully submit that this rate is reasonable based on her expertise and training, the complexity of the

2

questions involved, and Dr. Vassallo's practice of charging that rate for expert services, and Plaintiffs have remunerated her at that rate for her in-court time.

Defendants have not paid Dr. Vassallo for her time. Plaintiffs submit that Defendants should pay $1250 for the 2.5 hours Dr. Vassallo spent in the deposition at a rate of $500 per hour.

### c. Mr. James Balsamo's deposition

Defendants deposed Mr. Balsamo on July 31, 2013. Defendants noticed the deposition on July 18, 2013. Notice of Deposition for James Balsamo, Ex. 2. This notice gave no indication that the duration of the deposition would be less than what the rules allow (1 day of 7 hours, *see* Rule 30(d)(1)). As such, Mr. Balsamo set aside his entire workday on July 31, 2013, for the deposition. Mr. Balsamo charges $1500 for a full day of court time. *See* Invoice of James Balsamo, Ex. 3. Broken down to an hourly rate, $1500 over 7 hours is $214.29 per hour, which Plaintiffs respectfully submit is a reasonable rate for his expert services, in addition to being his customary rate for these services. The fact that not all 7 hours were used in deposition was out of Mr. Balsamo's and Plaintiffs' control, and Mr. Balsamo should be reimbursed for his time accordingly.

Mr. Balsamo also seeks to recover $79.75 for his mileage getting to and from Baton Rouge for the deposition, totaling 145 miles at $0.55 per mile. *See id*. This mileage is recoverable under Rule 45(b)(1).

Defendants have not paid Mr. Balsamo for his time. Plaintiffs submit that Defendants should pay Mr. Balsamo $1500 for the day as well as $79.75 for mileage reimbursement, totaling $1579.75.

### d. Mr. David Garon's deposition

Defendants informed Plaintiffs on Sunday, July 28, 2013, that they intended to depose Mr. Garon on Thursday, August 1, 2013, outside of the discovery cutoff window to which the parties had agreed.  Email from Wilson, July 28, 2013, Ex. 4; *see also* Rec. Doc. 28 at 2 ("Expert depositions shall take place between **July 25 - 31, 2013**").  Plaintiffs responded the same day stating that they would check with Mr. Garon as to his availability on that day.  Email from Montagnes, July 28, 2013, Ex. 5.  Plaintiffs subsequently informed Defendants that Mr. Garon would not be available August 1 but would be available on the afternoon of August 2, 2013, after completing an Entry Upon Land at Angola.  Email from Vora, July 31, 2013, Ex. 6; *see also* email from McInnis, July 31, 2013, Ex. 7.  Plaintiffs and Mr. Garon did their best to accommodate Defendants' requests and the exigencies of the litigation, and as such the deposition of Mr. Garon went forward on August 2, 2013.

Mr. Garon's deposition lasted 2.5 hours, and Mr. Garon's rate for court time is $140 per hour.  *See* Invoice of David Garon, Ex. 8.  In order to accommodate Defendants' desire to depose Mr. Garon as well as the other exigencies of the litigation, Mr. Garon made one combined trip to Angola for an Entry Upon Land to inspect the data monitoring equipment that had been installed on the tiers, and to Baton Rouge for the deposition.  Round-trip travel time from Mr. Garon's office to the place of the deposition is three hours.

Plaintiffs respectfully submit that Defendants should not be permitted to profit from their decision to depose Mr. Garon outside the discovery window by declining to pay for his travel time, simply on the basis that Mr. Garon – in order to accommodate Defendants' desire to depose him – combined his trip to Angola with the deposition.  Mr. Garon's travel time should instead be reimbursed at half the rate of his court time, or $70 per hour, plus mileage.

Defendants have not paid Mr. Garon for his time. Plaintiffs respectfully submit that Mr. Garon's hourly rate is reasonable based on his expertise and his custom of charging this rate for expert services, and Defendants should reimburse him for 2.5 hours of deposition at $140 per hour, plus three hours of travel time at $70 per hour, plus mileage at $0.60 per mile, for a total of $650.

### e. The parties' communications regarding deposition reimbursement

Plaintiffs first contacted Defendants about paying Plaintiffs' experts for their depositions via letter on September 17, 2013. Letter from Montagnes, Sept. 17, 2013, Ex. 9. Plaintiffs attached their experts' invoices and requested payment pursuant to those invoices.

Defendants responded on October 8, 2013. Letter from Wilson, Oct. 8, 2013, Ex. 10. Defendants stated that because the parties' joint scheduling order provided that expert witnesses would appear for trial and their depositions "without the formality of issuing subpoenas," Rec. Doc. 28 at 3, Fed. R. Civ. P. 45 has no applicability. Plaintiffs respectfully disagree. The parties did not dispense with the rules attendant to subpoenas through this provision in the joint scheduling order. Rather, Plaintiffs submit that the parties dispensed only with the formality of issuing subpoenas so as to expedite the process in an already expedited time schedule. The provisions of Rule 45, including reasonable reimbursement for travel time, apply to these experts in this matter.

Defendants' letter of October 8, 2013, also stated that the amounts Plaintiffs' experts sought to recover were not reasonable under Fed. R. Civ. P. 26, on the *incorrect* basis that Plaintiffs' experts were charging "a premium" to the Defendants. To the extent that Plaintiffs' experts' rates for the deposition are higher than their rates for other work, this is not a distinction based on the party that is paying, but rather based on the work involved. To wit: Dr. Vassallo's

5

$500 rate and Mr. Garon's $140 rate are both *for court time*. Likewise Mr. Balsamo's standard fee for depositions is distinct from his rate in performing other work but is actually *lower than* his rate for court time. Plaintiffs reimbursed these experts at those rates for their time spent in court during the trial in this matter, and respectfully submit that Defendants should do the same for their time spent in deposition.

Defendants also averred that Mr. Balsamo's full-day flat rate was *per se* unreasonable, but never responded to Plaintiffs' subsequent clarification that, broken out over the full seven hours of deposition that are contemplated in the Rules, the rate – some $214.29 per hour – was indeed reasonable. Defendants never specified that they did not seek to depose Mr. Balsamo for the full seven hours permitted.

Defendants proposed in their letter of October 8, 2013, to reimburse each of Plaintiffs' experts at rates drastically reduced from what Plaintiffs sought: $875 for Dr. Vassallo, $625 for Mr. Balsamo, and $275 for Mr. Garon. The basis for these amounts was simply Defendants' opinion that the amounts sought were unreasonable, and Defendants' unilateral and unfounded determination that experts may not seek higher compensation for time spent in court than out of court.

Plaintiffs responded to this letter on November 4, 2013. Letter from Montagnes, Nov. 4, 2013, Ex. 11. Plaintiffs asserted that Fed. R. Civ. P. 45 does indeed apply to these experts' remuneration; explained that the experts' rates do not reflect charging more to one party but rather different rates for different types of work that apply equally to both parties; and asserted that Mr. Balsamo's rate is reasonable given that Defendants did not indicate that less than a full day would be needed for his deposition. Plaintiffs again requested full reimbursement for their experts for their time.

6

Defendants did not respond to this letter.

On February 14, 2014, Plaintiffs again sent a letter to Defendants raising this issue, pointing out that it had been more than six months since the conclusion of the trial and more than five months since Plaintiffs first reached out to Defendants about this matter, and requesting prompt payment. Letter from Montagnes, Feb. 14, 2014, Ex. 12. Plaintiffs proposed that Defendants could make intermittent payments to their experts in the amounts Defendants previously indicated they thought was reasonable, and Plaintiffs would reserve the right to seek the balance through motions practice. Plaintiffs requested a response by 5 p.m. on February 21, 2014.

Again, Defendants did not respond to Plaintiffs' letter.

Plaintiffs raised this matter by phone with Attorney James Hilburn on March 5, 2013. Mr. Hilburn indicated that he would consult with his co-counsel Jacqueline Wilson and then reply to Plaintiffs' request. On March 8, 2014, Mr. Hilburn sent an email to Mercedes Montagnes and Elizabeth Compa stating that Defendants would pay Plaintiffs' experts the amounts indicated in Ms. Wilson's letter of October 8, 2013 "as full payment for their time" with no acknowledgement of Plaintiffs' reserving the right to seek the balance through motions. Email from Hilburn, Mar. 8, 2014, Ex. 13. Plaintiffs responded seeking clarification on this point, Email from Compa, Mar. 11, 2014, Ex. 14.

Once again, Defendants did not respond.

In the face of Defendants' refusal to respond to Plaintiffs' attempts to prevent inefficient motion practice before this Court, as well as Defendants' intransigence comprising some four months (November 2013 to March 2014) during which Defendants were wholly unresponsive to Plaintiffs' correspondence on this topic, and a total of eight months since the conclusion of the

7

trial, Plaintiffs move this Court to compel the payment of Plaintiffs' experts by Defendants for their time spent in depositions.

## II.    Law and Argument

Rule 26 requires a party seeking discovery to pay experts a reasonable fee for time spent responding to discovery in the form of deposition testimony, unless manifest injustice would result. The same rule authorizes a court to enforce this requirement. Fed.R.Civ.P. 26(b)(4)(E)(i). The Fifth Circuit has recently reaffirmed that expert witnesses are entitled to reasonable compensation for their time in depositions pursuant to Fed. R. Civ. P. 26(b)(4)(E) and Fed. R. Civ. P. 45(d)(3)(A). *See Duke v. Performance Food Group, Inc.*, 2014 U.S. Dist. LEXIS 12830 at *2-3. Courts have found the manifest injustice exception to be a stringent standard that applies only if the opposing party is indigent, or requiring the payment would create an undue hardship. *Ndubizu v. Drexel Univ.*, CIV.A. 07-3068, 2011 U.S. Dist. LEXIS 104792 at *11 (E.D. Pa. Nov. 16, 2011) (internal cites omitted).

Defendants were aware that Dr. Vassallo, Mr. Balsamo, and Mr. Garon were expert witnesses, and conducted the depositions with full knowledge of the Federal Rules of Civil Procedure, including their obligation as the party seeking discovery to pay the experts for their time spent in that discovery. Plaintiffs' communications have likewise underscored Defendants' obligations under Fed. R. Civ. P. 26(b)(4)(E)(i) to pay the experts for their time.

Defendants' after-the-fact arguments that they find the experts' rates to be unreasonable are unavailing. Defendants did not inquire as to the rates of any of Plaintiffs' experts going into the depositions, and as such never broached the question of the reasonableness of the experts' rates until after Plaintiffs made their initial written request that Defendants pay the experts pursuant to the experts' invoices. Plaintiffs respectfully submit that Defendants should not be

permitted to remain silent on the issue of experts' rates until after they have deposed the experts, and later refuse to pay those rates – absent a showing of manifest injustice. "Compensating an expert for time spent in deposition is mandatory under Rule 26 to avoid the unfairness of requiring one party to provide expensive discovery for another party's benefit without reimbursement." *Ferlito v. County of Suffolk*, 274 F.R.D. 435, 436 (E.D.N.Y. 2011) (citing to *Dwyer v. Lufthansa,* No. CV 04–3184, 2007 U.S. Dist. LEXIS 9806, at *4 (E.D.N.Y. Feb. 13, 2007)).

In addition to the experts' fees for their time spent in the depositions, Mr. Balsamo's and Mr. Garon's reasonable expenses for travel are compensable under Rule 26.  *See Ndubizu v. Drexel Univ.*, 2011 U.S. Dist. LEXIS 104792 at *10-11 (discussing the compensability of travel time and expenses). Here, because Plaintiffs' experts' rates are reasonable, Plaintiffs submit that no manifest injustice would result from Defendants being compelled to pay the experts as required under Rule 26.

### III.     Request for Attorneys' Fees

Plaintiffs sought to resolve this matter with Defendants prior to bringing it before the Court, but Defendants have refused on multiple grounds to pay the fees in full. The clear presumption and requirement of the Rule is for the party seeking discovery in the form of a deposition to pay the expert's fees and expenses. Defendants could have raised any "manifest injustice" argument in a motion for a protective order or motion to stay the obligation, but chose not to do so, and have refused to comply with Rule 26.  Moreover, despite the fact that the issue of expert costs and fees was to be briefed in relation Plaintiffs' Motion for fees and costs under Section 1988, Defendants have steadfastly refused to enter into an agreement to pay the undisputed amount while allowing all parties to preserve their right to litigate the disputed

amounts. Defendants' actions are worthy of an attorney's fee award given their level of intransigence and refusal to accept plainly non-controversial efforts made by Plaintiffs to ensure the efficient litigation of all disputes relating to fees. Plaintiffs were forced to file this Motion to Compel, and request that the Court award attorney's fees and costs incurred in litigating this motion pursuant to Fed.R.Civ.P. 37(a)(5)(A). *New York v. Solvent Chem. Co., Inc.*, 210 F.R.D. 462, 474-76 (W.D.N.Y. 2002) (awarding attorneys' fees under Rule 37 on motion to compel payment of expert fees). Plaintiff's attorneys' fees in litigating this Motion to Compel currently amount to $2,060 for 10.3 hours of work at $200 per hour. See Timesheet of Elizabeth Compa, Ex. 15. [1] Plaintiffs have exercised billing judgment in this request in order to keep this request as reasonable as possible. For example, these hours are not inclusive of the hours spent by Ms. Compa and Ms. Montagnes in drafting correspondence prior to Oct. 8, 2013 (which Plaintiffs submit is essentially when Defendants ceased negotiating in good faith on this issue); time of other team members in reviewing draft of this motion; time devoted to conversations with the Plaintiffs' expert witnesses; nor of time entries lasting less than five minutes.

## IV. Conclusion

WHEREFORE, Plaintiffs Elzie Ball, Nathaniel Code, and James Magee, respectfully request that this Court

1. Compel Defendants to pay Dr. Susi Vassallo's expert witness deposition fee totaling $1,250.00 within two weeks of the Court's order;
2. Compel Defendants to pay James Balsamo's expert witness deposition fee and reasonable travel costs totaling $1,579.75 within two weeks of the Court's order;

[1] For discussions of Attorney Elizabeth Compa's qualifications and billing rate, *see* Rec. Doc. 104-9.

3. Compel Defendants to pay David Garon's expert witness deposition fee and reasonable travel costs totaling $650 within two weeks of the Court's order;

4. Award Plaintiffs reasonable and necessary attorneys' fees and costs incurred in making the instant Motion to Compel, and any other appropriate relief.

Date: Mar. 25, 2014

Respectfully submitted,

/s/ Mercedes Montagnes
Mercedes Montagnes, La. Bar No. 33287 (Lead Counsel)
Elizabeth Compa, La. Bar No. 35004
The Promise of Justice Initiative
636 Baronne Street
New Orleans, LA 70113
Tel. (504) 529-5955
Fax (504) 558-0378
Email: mmontagnes@thejusticecenter.org

Mitchell A. Kamin, Ca. Bar No. 202788
Jessica C. Kornberg, Ca. Bar No. 264490
Nilay U. Vora, Ca. Bar No. 268339
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks & Lincenberg, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Tel. (310) 201- 2100
Fax (310) 201- 2110

Steven Scheckman, La. Bar No. 08472
Schiff, Scheckman, & White LLP
829 Baronne Street
New Orleans, Louisiana 70113
Tel. (504)581-9322
Fax (504)581-7651
Email: steve@sswethicslaw.com

CERTIFICATE OF SERVICE

      I do hereby certify that on Mar. 25, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

                                        /s/ Mercedes Montagnes
                                        MERCEDES MONTAGNES, LSBA #33287
                                        Attorney at Law
                                        636 Baronne Street
                                        New Orleans, LA 70113
                                        (504) 529-5955