UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ELZIE BALL, NATHANIEL CODE, AND JAMES MAGEE, | * * * | CIVIL ACTION NO. 13-368 |
| PLAINTIFFS | * * | |
| VS. | * * | |
| JAMES M. LEBLANC, SECRETARY OF THE LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, BURL CAIN, WARDEN OF THE LOUISIANA STATE PENITENTIARY, ANGELIA NORWOOD, WARDEN OF DEATH ROW, AND THE LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, | * * * * * * * * * * | JUDGE: BAJ<br><br>MAGISTRATE: SCR |
| DEFENDANTS | * * | |

## SUPPLEMENTAL AUTHORITY REGARDING PLAINTIFFS' MOTION TO SET ATTORNEYS' FEES AND COSTS PURSUANT TO RULE 37(A)(5)(A) AND THIS COURT'S ORDER

NOW INTO COURT come Plaintiffs Elzie Ball, Nathaniel Code, and James Magee, through undersigned counsel, and submit the following supplemental authority pertaining to *Plaintiffs' Motion to Set Attorneys' Fees and Costs Pursuant to Rule 37(a)(5)(A) and this Court's Order*.

**I.    Background**

Plaintiffs filed a *Motion to Set Attorneys' Fees and Costs Pursuant to Rule 37(a)(5)(A) and this Court's Order* related to the sanctions matters in this litigation on January 21, 2014. Rec. Doc. 104. Defendants filed a Response in Opposition, Rec. Doc. 115, and both parties have filed subsequent Replies, Rec Docs. 122 and 126. Among the disputed points in the

1

parties' briefing is whether the rate cap under the Prison Litigation Reform Act ("PLRA") applies to attorneys' fees awarded as a discovery sanction pursuant to Fed. R. Civ. P. 37; Plaintiffs argue that the cap does not apply. *See* Rec. Doc. 104-1 at 25-27; Rec. Doc. 115 at 26-27; Rec. Doc. 122 at 9; Rec. Doc. 126 at 2.

On April 17, 2014, Plaintiffs learned of an opinion issued by the United States District Court for the Western District of Virginia on April 15, 2014, that specifically addresses this point. That court concluded that "by its own terms, the PLRA does not apply to attorney's fees awarded as a discovery sanction pursuant to Fed. R. Civ. P. 37." *See* Ex. 1, *Scott, et al., v. Clarke, et al.,* 3:12-cv-00036, Doc. 109 at 2 (W.D.Va., Apr. 15, 2014). Plaintiffs wish to submit this new ruling to this Court as supplemental authority that is relevant to this Court's determination of appropriate attorneys' fees regarding discovery sanctions.

## II.  Argument

In *Scott v. Clarke*, the parties reached a discovery dispute in which the defendant department of corrections improperly withheld documents that the prisoner plaintiffs sought. The plaintiffs moved to compel discovery and prevailed, and the court awarded them reasonable expenses and attorneys' fees relating to the motion to compel. *Id.* at 1-2. The defendants objected to the plaintiffs' petition for attorneys' fees on the basis that the PLRA rate cap applies to the fees the attorneys could recover. In finding that the "Defendants' invocation of the PLRA is misguided," the court explained:

> Defendants contend that, because Plaintiffs are prisoners, "this lawsuit is governed by the Prison Litigation Reform Act ('PLRA'), 42 U.S.A. § 1997e" and, from this premise, Defendants leap to the conclusion that "the hourly rate for Plaintiffs' attorneys' fees is set by the PLRA." . . . However, a straightforward reading of the provisions of the PLRA cited by Defendants establishes that the PLRA fee limitations have no applicability to the fees awarded here as sanctions for Defendants' misconduct regarding discovery. . . .

2

> Here, the attorney's fees award sought by Plaintiff has no relationship whatsoever to the merits-related fee award authorized pursuant to 42 U.S.C. § 1988 and specified in § 1997e(d). . . . On its face, § 1997e(d) of the PLRA is inapplicable to Plaintiffs' instant petition, which seeks attorney's fees as a sanction for Defendants' failure to fulfill discovery obligations. . . .
>
> In sum, the attorney's fees sought here are discovery sanctions under Fed. R. Civ. P. 37, not an award to a prevailing party in connection with a determination of the merits of this case pursuant to §§ 1983 and 1988, and the fee provisions of the PLRA are inapplicable.

*Id.* at 1, 5-8 (citing *Edwin G. v. Washington*, No. 97-1177, 2001 WL 196760 (C.D. Ill. Jan. 26, 2001) ("Sanctions are not based upon the defendants' liability for the alleged claims. Sanctions are applied for conduct during the discovery process. Therefore, the award of attorney fees as a sanction is outside of the PRLA."); also citing *Davis v. Rouse*, Civil Action No. 1:08-cv-03106, 2012 WL 3059569 at *3 (D. Md. July 25, 2012) ("Defendants' arguments that [PLRA] rates should be used fails because the PLRA does not apply to sanctions awards.") (citations omitted); *Beckford v. Irvin*, 60 F. Supp. 2d 85, 88 (W.D. N.Y. 1999) ("The PLRA does not limit the award of attorney's fees to a prevailing plaintiff whose award is authorized under a statute separate from § 1988.")). The *Scott* court awarded fees to a partner at $400 per hour and to an associate at $230 per hour. *Id.* at 10.

Plaintiffs respectfully submit that this ruling supports their argument that the PLRA rate cap does not apply to Plaintiffs' recovery of attorneys' fees for the sanctions imposed on Defendants pursuant to Fed. R. Civ. P. 37 with respect to the spoliation of evidence and refusal to disclose cost estimates regarding the installation of mechanical cooling. In the instant litigation, as in the *Scott* matter, Defendants argued that the PLRA rate cap applied to discovery sanctions-related attorneys' fees, with no authority cited in support of that argument. Defendants in the instant litigation asserted, moreover, that Plaintiffs put forth no authority to support their argument that the PLRA rate cap does not apply to the award of attorneys' fees in the sanctions

matters, Rec. Doc. 115 at 27, ignoring Plaintiffs' citation to *Edwin G. v. Washington*, No. 97-1177, 2001 WL 196760 (C.D. Ill. Jan. 26, 2001), to which the *Scott* court also cited, and *Fillmore, v. Page, et al.*, Civil No. 97-844-CJP, (S.D. Ill., 1998). The *Scott* court's ruling underscores the soundness of Plaintiffs' arguments on this point and demonstrates why Defendants' contrary arguments are unavailing. The PLRA rate cap should not apply to the award of attorneys' fees related to sanctions pursuant to Fed. R. Civ. P. 37(a)(5)(A).

### III. Conclusion

WHEREFORE, Plaintiffs Elzie Ball, Nathaniel Code, and James Magee respectfully offer the above-described supplemental authority which Plaintiffs believe will assist this Court in evaluating Plaintiffs' *Motion to Set Attorneys' Fees and Costs Pursuant to Rule 37(a)(5)(A) and this Court's Order*.

Respectfully submitted this 22nd day of April, 2014.

/s/ Elizabeth Compa
Elizabeth Compa, La. Bar No. 35004
Mercedes Montagnes, La. Bar No. 33287 (Lead Counsel)
The Promise of Justice Initiative
636 Baronne Street
New Orleans, LA 70113
Tel. (504) 529-5955
Fax (504) 558-0378
Email: mmontagnes@thejusticecenter.org

Mitchell A. Kamin, Ca. Bar No. 202788
Jessica C. Kornberg, Ca. Bar No. 264490
Nilay U. Vora, Ca. Bar No. 268339
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks & Lincenberg, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Tel. (310) 201- 2100
Fax (310) 201- 2110

Steven Scheckman, La. Bar No. 08472
Schiff, Scheckman, & White LLP
829 Baronne Street
New Orleans, Louisiana 70113
Tel. (504)581-9322
Fax (504)581-7651
Email: steve@sswethicslaw.com

CERTIFICATE OF SERVICE

    I do hereby certify that on April 22, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

/s/ Elizabeth Compa
ELIZABETH COMPA, LSBA #35004
Attorney at Law
636 Baronne Street
New Orleans, LA 70113
(504) 529-5955