UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ELZIE BALL, ET AL.**                                    **CIVIL ACTION**

**VERSUS**

**JAMES M. LEBLANC, ET AL.**                    **NO.: 13-00368-BAJ-SCR**

### ORDER CONDITIONALLY APPOINTING SPECIAL MASTER

This matter was submitted to the undersigned upon the parties' submission of candidates for appointment as Special Master, as ordered by the Court on December 19, 2013.[1] *See* Docs. 87, 133, 135, 137, 139, 143. Given the nature of this matter, and the Court's findings, the undersigned has concluded that the appointment of a Special Master is appropriate. Fed.R.Civ.P. 53(a)(1).

On April 30, 2014, the undersigned held an evidentiary hearing, during which counsel for Plaintiffs and counsel for Defendants presented oral argument and testimonial evidence in support of the remaining candidates for appointment as Special Master. (Doc. 151.) Having carefully reviewed the parties' written submissions as well as the candidates' curricula vitae, and considered the oral argument and testimonial evidence presented as well as the needs of the Court;

---

[1] On December 19, 2013, the Court issued a Ruling and Order, *inter alia*, granting Plaintiffs' request for declaratory and injunctive relief, and ordering Defendants to submit a plan to reduce and maintain the heat index in the Louisiana State Penitentiary ("Angola") death row tiers at or below 88 degrees Fahrenheit. (Doc. 87.) The ruling and order also ordered the parties to recommend candidates for appointment as special master. (Doc. 87.)

**IT IS ORDERED** that **Paul J. Hebert** of Ottinger Hebert, L.L.C. in Lafayette, Louisiana is appointed Special Master for the purpose of:

- Overseeing immediate implementation of Defendants' plan to reduce and maintain the heat index in the Angola death row tiers at or below 88 degrees Fahrenheit.

- Reviewing temperature, humidity, and heat index data from each of the death row tiers. Defendants shall record such data every two hours from June 1 through October 31. *See* Doc. 87, p. 97. Defendants are furthered ordered to report such data to the Special Master on a weekly basis. The Special Master shall have sole discretion to determine the format in which and exact time he shall receive the data from Defendants.

- Compiling the temperature, humidity, and heat index data from each of the death row tiers, and reporting his findings to the Court every 30 days, beginning on July 1, 2014.

- Monitoring the conditions of confinement in the death row tiers. The Special Master shall tour the death row tiers on a monthly basis, or whenever deemed necessary by the Special Master ("monthly tour"), to confirm Defendants are complying with all aspects of the Court's Ruling and Order. *See* Doc. 87.

**IT IS FURTHER ORDERED** that no more than two attorneys for each party shall be permitted to accompany the Special Master during his monthly tour.

**IT IS FURTHER ORDERED** that Defendants shall make the necessary arrangements to allow counsel for both parties to participate in the Special Master's

monthly tour. Defendants are further ordered to make the necessary arrangements to allow the Special Master to observe each of the death row tiers, verify the accuracy of and/or take temperature, humidity, and/or heat index readings, and/or interview death row inmates during his monthly tour.

**IT IS FURTHER ORDERED** that the Special Master shall report his findings to the Court on a monthly basis.

**IT IS FURTHER ORDERED** that the Special Master is directed to proceed with all reasonable diligence to complete the tasks assigned by this Order.

**IT IS FURTHER ORDERED** that the Special Master shall have the sole discretion to determine the appropriate procedures for resolution of all assigned matters and shall have the authority to take all appropriate measures to perform the assigned duties. Fed.R.Civ.P. 53(c)(1).

**IT IS FURTHER ORDERED** that the Special Master may, by order, impose upon a party any sanction, other than contempt, and may recommend a contempt sanction against a party. Fed.R.Civ.P. 53(c)(2).

**IT IS FURTHER ORDERED** that *ex parte* communication with the Special Master shall be permitted. Indeed, the nature of the tasks assigned to the Special Master will require him to engage in frequent communication with the parties and counsel. However, any *ex parte* communication shall be conducted on the record or in writing, to permit appropriate review by the undersigned and/or the appellate courts.

**IT IS FURTHER ORDERED** that the parties shall file into the record all documents for consideration by the Special Master. This requirement shall not include Defendants' daily temperature, humidity, and heat index data reports.

**IT IS FURTHER ORDERED** that the Special Master shall also file into the record all data reports, findings, or other communications with the undersigned. Fed.R.Civ.P. 53(b)(2)(C).

**IT IS FURTHER ORDERED** that the Special Master shall retain all reports, notes, files, communications, orders, reports, and recommendations until ordered to do otherwise by this Court.

**IT IS FURTHER ORDERED** that any party seeking review of any order, report, or recommendation of the Special Master shall comply with the requirements of Federal Rule of Civil Procedure 53(f) *except* that any objections - or a motion to adopt or modify - the Special Master's order, report, or recommendations must be filed **no later than 10 days** after it is filed into the record.

**IT IS FURTHER ORDERED** that, pursuant to the Prison Litigation Reform Act, [t]he compensation to be allowed to the Special Master "shall be based on an hourly rate not greater than the hourly rate established under 18 U.S.C. § 3006A for payment of court-appointed counsel, plus costs reasonably incurred by the Special Master. Such compensation and costs shall be paid with funds appropriated to the Judiciary." 18 U.S.C. § 3626(f)(4). The Special Master shall bill the Court on a monthly basis for fees and costs. As to any particular proceedings and/or tasks that are

necessitated by the conduct of one party, the Special Master shall have the authority to assess fees and the costs of that proceeding and/or task to the responsible party.

**IT IS FURTHER ORDERED** that the Special Master is authorized to hire or appoint a paralegal to assist him in the completion of the tasks assigned to him by the Court. The fees of the paralegal shall not exceed the fees paid to the Special Master. Unlike the Special Master's fees, however, the paralegal's bill shall be paid by Defendants. Accordingly, the Special Master shall bill Defendants on a monthly basis for such fees, and those bills shall be promptly paid by Defendants.

Finally, this order appointing Paul J. Hebert ("Hebert") as Special Master in this matter is contingent upon Hebert submitting an affidavit, pursuant to Federal Rule of Civil Procedure 53(b)(3).

Accordingly,

**IT IS ORDERED** that Hebert shall file an affidavit disclosing whether there is any ground for disqualification under 28 U.S.C. § 455 **no later than May 30, 2014**.

Baton Rouge, Louisiana, this 23rd day of May, 2014.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**