UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ELZIE BALL, ET AL. | : | CIVIL ACTION NO. 13:-00368-BAJ-SCR |
| VERSUS | : | JUDGE BRIAN A. JACKSON |
| JAMES M. LEBLANC, ET AL. | : | MAGISTRATE JUDGE REIDLINGER |

# REPORT OF SPECIAL MASTER PAUL J. HEBERT
## (JULY 1, 2014)

In accordance with the Court's Order of May 23, 2014 the following report is the first report of the Special Master Paul J. Hebert.

On May 23, 2014 the Honorable Brian A. Jackson, Chief Judge, United States District Court, Middle District of Louisiana, issued an Order conditionally appointing Paul J. Hebert as Special Master to handle the enforcement of this Court's ruling and adoption of a remediation plan. The Heat Remediation Plan submitted by Defendants (Doc. 118) (hereafter referred to as the "Remediation Plan") was approved by the Court in its Order dated May 23, 2014.

Paul J. Hebert, after appropriate certification, was formally approved as Special Master on May 29, 2014.

During the short period a few issues developed which required communications with counsel for Plaintiffs and Defendants. The first joint telephone conference was held on May 30, 2014. Minutes of that telephone conference, attached to this report as Addendum 1, reflect the discussion which occurred between the counsel. It was noted at

that time that the State had just applied for an appeal of the Court's ruling and that a stay had been requested.

Nevertheless, the parties were required to continue their efforts at moving forward on the Remediation Plan and the parties agreed to follow up with the Special Master within a week of this telephone conference.

The second telephone conference was held on June 6, 2014, and a copy of those minutes are attached to this report as Addendum 2. During the course of that telephone conference it was determined that the State had a variety of issues regarding the implementation of the Remediation Plan and, in particular, whether or not the Remediation Plan would apply to all prisoners on Death Row or just those "at risk." The minutes reflect the discussion and a briefing schedule was provided to all parties to address this issue.

However, shortly after this second telephone conference the undersigned received notice of the issuance of the stay order by the U.S. Fifth Circuit Court of Appeals, which is attached to this report as Addendum 3.

As a result of this stay order, Special Master notified all parties that there would be no further action taken on the enforcement of the Court's Remediation Plan approved May 23, 2014 until the appeal had been resolved or the stay lifted.

Respectfully submitted,

PAUL J. HEBERT
Special Master
July 1, 2014