UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ELZIE BALL, ET AL.                                          CIVIL ACTION

VERSUS

JAMES M. LEBLANC, ET AL.                                    NO.: 13-00368-BAJ-SCR

## RULING AND ORDER

Before the Court is a **Motion to Compel Payment of Expert Fees (Doc. 146-1)** filed by Plaintiffs Elzie Ball, Nathaniel Code, and James Magee (collectively, "Plaintiffs"). Plaintiffs (1) seek to be reimbursed for $3,479.75 in expert fees pursuant to Rule 26(b)(4)(E)(i) of the Federal Rules of Civil Procedure ("Rule") and (2) seek to be awarded $2,060 in attorney's fees pursuant to Rule 37(a)(5)(A). (*See* Doc. 146-1 at pp. 10—11); (*See* Doc. 159 at pp. 5—6). Defendants James M. Leblanc, Secretary of Louisiana Department of Public Safety and Corrections, N. Burl Cain, Warden of the Louisiana State Penitentiary ("Angola"), James Cruz, Warden of Death Row, and the Louisiana Department of Public Safety and Corrections (collectively, "Defendants") assert that Plaintiffs are only entitled to $1775 in expert fees. (*See* Doc. 152 at pp. 8—9). For reasons explained herein, Plaintiffs' motion is **GRANTED IN PART** and **DENIED IN PART**.

I. Background

It is undisputed that on July 31, 2013, Defendants deposed James Balsamo ("Balsamo") for 3.5 hours in Baton Rouge, Louisiana. (*See* Doc. 152-5). It is also

undisputed that on August 2, 2013, Defendants deposed David Garon ("Garon") for 2.5 hours in Baton Rouge, Louisiana, (*See* Doc. 146-1 at p. 4); (*See* Doc. 152-7), and Dr. Susi Vasallo ("Vasallo") for 2.5 hours by videoconference, (*See* Doc. 146-1 at p. 2); (*See* Doc. 152-3). For these depositions, Defendants seek to reimburse Plaintiffs $1775. (*See* Doc. 152 at pp. 8—9); (*See* Doc. 152-1). Plaintiffs, unsurprisingly, seek more. (*See* Doc. 146-1 at pp. 10—11).

## II. Discussion

The cost of deposing an expert whose opinion may be presented at trial is, absent a showing of manifest injustice, "a reasonable fee for time spent . . . responding to discovery." Fed. R. Civ. P. 26(b)(4)(E)(i). The reasonableness of an expert's fee depends upon: "(1) the witness's area of expertise; (2) the education and training required to provide the expert insight that is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality, and complexity of the discovery responses provided; (5) the fee actually charged to the party who retained the expert; (6) fees traditionally charged by the expert on related matters; and (7) any other factor likely to assist the court in balancing the interest[s] implicated by Rule 26." *Miller v. Credit*, No. 12-CV-138, 2013 WL 1833310, at *2 (M.D. La. May 1, 2013).

Plaintiffs, in this case, bear the burden of establishing that each expert's fee is reasonable. *See Fiber Optic Designs, Inc. v. New England Pottery, LLC*, 262 F.R.D. 586, 589 (D. Colo. 2009). If an expert's fee is unreasonable, the Court may, in its discretion, simply fashion a reasonable alternative. *See Borel v. Chevron U.S.A. Inc.*, 265 F.R.D. 275, 276 (E.D. La. 2010).

### A. Balsamo

Plaintiffs assert that for Balsamo's time and mileage, they should be reimbursed $1579.75. (*See* Doc. 146-1 at p. 3). Broken down, Plaintiffs seek $1500 for the 3.5 hours Balsamo was deposed, and $79.75 for the 145 miles he incurred. (*Id.*). Both requests are reasonable, Plaintiffs assert, because (1) Balsamo charges "1500 per day for any deposition testimony," (*See* Doc. 152-6 at ¶ 2), (2) Balsamo was never notified that his deposition would last less than the 7 hours permitted under Rule 30(d)(1), (*See* Doc. 146-1 at p. 3); (*See* Doc. 146-3), and (3) Balsamo's mileage is recoverable under Rule 45(b)(1). (Doc. 146-1 at p. 3); (*See* Doc. 146-4).

#### a. Rate

With respect to Balsamo's deposition testimony, Defendants assert that Plaintiffs should only be reimbursed at a rate of $125 per hour because that is the rate that Balsamo charged Plaintiffs for his services. (*See* Doc. 152 at p. 5); (*See* Doc. 152-1 at p. 2); *see also Borel*, 265 F.R.D. at 277 (noting that "courts do not hesitate to reduce an expert's fee when that expert charges one party more than another").

This argument is patently absurd. Balsamo charged Plaintiffs $125 per hour for "inspections, site visits, meetings, travel by automobile . . . and report research and preparation." (*See* Doc. 152-6 at ¶ 2). For deposition testimony, Balsamo charged Plaintiffs "$1500.00 per day . . . ." (Doc. 152-6 at ¶ 2).

However, Defendants will not be ordered to reimburse Plaintiffs for Balsamo's $1500 flat fee. *Ndubizu v. Drexel Univ.*, No. 07-CV-3068, 2011 WL 6046816, at *1 (E.D. Pa. Nov. 16, 2011) (noting that "[w]hile the court will consider

3

the terms that the retaining party agreed to with its experts, it will not simply award fees or expenses based upon those terms"), report and recommendation *adopted*, No. 07-CV-3068, 2011 WL 6058009 (E.D. Pa. Dec. 6, 2011). An expert's "travel should be charged at approximately half his hourly rate." *Anderson v. Siemens Med. Sys., Inc.*, No. 98-CV-1850, 2002 WL 199878, at *4 (N.D. Tex. Feb 7, 2002). Balsamo's attempt to merge the two is, on its face, unreasonable. (*See* 146-1 at p. 3); (*See* Doc. 152-5).

The question, then, is at what rate should Plaintiffs be reimbursed for Balsamo's deposition testimony? Plaintiffs suggest that the Court divide Balsamo's $1500 flat fee by the 7 hours that he expected to be deposed and approve, as reasonable, a $214.29 hourly rate. (*See* Doc. 146-1 at p. 3). But when asked to explain why $214.29 per hour is reasonable, Plaintiffs simply (1) assert that "Balsamo is a health and safety expert and professor whose expertise includes the effects of extreme environmental conditions on various populations," (*See* Doc. 146-1 at p. 2), and (2) refer to two unrelated cases in which Balsamo was paid approximately $1700 per day, (*See* Doc. 159-1 at ¶¶ 2—7). Plaintiffs offer nothing as to: (1) the education and training required to provide the expert insight that is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality, and complexity of the discovery responses provided; or (7) any other factor likely to assist the court in balancing the interests implicated by Rule 26. Balsamo's $214.29 hourly rate is therefore unreasonable. *Fiber Optic Designs,*

262 F.R.D. at 589 (noting that "the burden of proving the reasonableness of an expert's fee[ ] lies with the party seeking reimbursement").

Having failed to provide the Court with a reasonable rate, Plaintiffs will, for Balsamo's 3.5 hours of deposition testimony, be reimbursed at Defendants' proposed rate of $125 per hour.

### b. *Travel*

Defendants have agreed to reimburse Plaintiffs for Balsamo's travel time at half of his $125 hourly rate. (*See* Doc. 152 at p. 6); *see also Anderson*, 2002 WL 199878 at *4 (holding that an expert's "travel should be charged at approximately half his hourly rate"). Therefore, for the 3 hours that Balsamo spent driving to and from his deposition, Plaintiffs will be reimbursed $62.50 per hour.

### c. *Mileage*

Defendants assert that Plaintiffs should not be reimbursed for Balsamo's mileage pursuant to Rule 26(b)(4)(E) because Rule 26(b)(4)(E) "only compensates experts for their *time*." (Doc. 152 at p. 7) (emphasis in original). But Plaintiffs do not seek to be reimbursed for Balsamo's mileage pursuant to Rule 26(b)(4)(E). Plaintiffs seek to be reimbursed for Balsamo's mileage pursuant to Rule 45(b)(1). (*See* Doc. 146-1 at p. 3).

Defendants' Opposition does not address Rule 45(b)(1). However, Defendants apparently believe that because both parties previously agreed to have their experts

appear at depositions "without the formality of issuing subpoenas,"[1] Rule 45 has no applicability. (*See* Doc. 152-1 at p. 1). With this, the Court disagrees.

The parties did not dispense with the the formality of issuing subpoenas in order to waive Rule 45. They dispensed with the formality of issuing subpoenas because the Court's Scheduling Order set an expedited trial date of less than a month away. (See Doc. 28 at pp. 1—2).

Such a trial date was, of course, necessary given the nature of Defendants' now-established Eighth Amendment violations. Yet Defendants, almost a year later, attempt to punish Plaintiffs' experts for putting their clients first. This, the Court will not permit. All sides appropriately dispensed with the formality of subpoenas. That decision, the Court holds, does not deprive Plaintiffs of their ability to be reimbursed for Balsamo's mileage as "allowed by law." Fed. R. Civ. P. 45(b)(1).

Therefore, for the 145 miles that Balsamo incurred, Plaintiffs will be reimbursed at a rate of $0.55 per mile.

**B. Garon**

Plaintiffs assert that for Garon's time and mileage, they should be reimbursed $650. (*See* Doc. 146-1 at pp.4—5). Broken down, Plaintiffs seek $140 per hour for the 2.5 hours Garon was deposed, $70 per hour for the 3 hours Garon spent driving to and from his deposition, and $90 for the 150 miles he incurred. (*Id.*); (*See* Doc. 152-7).

---

[1] (*See* Doc. 28 at p. 3).

*a. Rate*

Defendants assert that Garon's applicable rate is $110 per hour because that is the rate that Garon charged Plaintiffs for his services. (*See* Doc. 152-1 at p. 2). This, once again, is untrue, as Garon's contract clearly states that for "depositions," he is paid $140 per hour. (*See* Doc. 152-8).

However, by failing to address: (1) the education and training required to provide the expert insight that is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality, and complexity of the discovery responses provided; (6) fees traditionally charged by the expert on related matters; and (7) any other factor likely to assist the court in balancing the interests implicated by Rule 26, Plaintiffs have deprived the Court of its ability to determine whether Garon's $140 hourly rate is, in fact, reasonable. Plaintiffs' bald assertion that "Garon is a testing and balancing expert in the field of heating, ventilation, and air-conditioning who has decades worth of experience measuring the efficacy of mechanical heating and cooling systems" is insufficient. (*See* Doc. 146-1 at p. 2).

Having failed to provide the Court with a reasonable rate, Plaintiffs will, for Garon's 2.5 hours of deposition testimony, be reimbursed at Defendants' proposed rate of $110 per hour.

*b. Travel*

Defendants assert that Plaintiffs should not be reimbursed for Garon's travel time, as Garon did not come to Baton Rouge to be deposed. (*See* Doc. 152 at pp. 7—

7

8). According to Defendants, Garon came to Baton Rouge to attend the Entry Upon Land at Angola. (*Id.*).

Plaintiffs do not dispute Defendants' recollection of the facts. (*See* Doc. 146-1 at p. 4). Instead, they assert that "Defendants should not be permitted to profit from their decision to depose Mr. Garon outside the discovery window by declining to pay for his travel time, simply on the basis that Mr. Garon – in order to accommodate Defendants' desire to depose him – combined his trip to Angola with the deposition." (*See* Doc. 146-1 at p. 4).

Although the Court appreciates Plaintiffs' willingness to accommodate Defendants' untimely request, the facts are the facts are the facts. Plaintiffs admit that Garon was, on the day of his deposition, already scheduled to be in Baton Rouge. To the extent that Plaintiffs assert that Defendants' untimely request shifts Plaintiffs' discovery costs onto Defendants' expert fees, the Court respectfully disagrees.

Plaintiffs will not, in this Ruling and Order, be reimbursed for any of the 3 hours Garon spent traveling to and from his deposition.[2]

### c. Mileage

Although Plaintiffs will, for the reasons discussed *supra*, be reimbursed for Garon's mileage, Garon's proposed rate of $0.60 per mile is not "allowed by law." *See* Fed. R. Civ. P. 45(b)(1).

---

[2] Plaintiffs are not, however, precluded from seeking to recover all costs properly related to Garon's Entry Upon Land in their case-in-chief.

Therefore, for the 150 miles that Garon incurred, Plaintiffs will be reimbursed at a rate of $0.565 per mile. *See* 18 U.S.C. § 1821(c)(2) (noting that "[a] travel allowance equal to the mileage allowance [prescribed by] the Administrator of General Services . . . shall be paid to each witness who travels by privately owned vehicle"); POV Mileage Rates (Archived), U.S. General Services Administration, http://www.gsa.gov/portal/content/103969 (listing $0.565 as the effective mileage rate for automobiles from January 1, 2013 to January 1, 2014); (*See* Doc. 146-1 at p. 4) (noting that Garon was deposed on August 2, 2013).

### C. Vassallo

Plaintiffs assert that for the 2.5 hours Vasallo was deposed, they should be reimbursed $500 per hour. (*See* Doc. 146-1 at pp. 2—3). Defendants reply that Vassallo's applicable rate is $350 per hour because that is the rate that Vassallo charged Plaintiffs to "perform the work for which she was hired." (Doc. 152-1 at pp. 1—2).

Defendants' apparently believe that Vassallo was only hired to write reports, as her report-writing rate is, in fact, $350 per hour. (*See* Doc. 152-4). But Vassallo's contract states that for testimony, she charges $500 per hour. (*Id.*). Defendants' argument, like the two before it, is unavailing.

Unfortunately, without knowing: (1) the education and training required to provide the expert insight that is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality, and complexity of the discovery responses provided; and (7) any other factor likely to assist the court

9

in balancing the interests implicated by Rule 26, the Court cannot assess the reasonableness of Vassallo's $500 hourly rate. Plaintiffs' have, once again, only put two pieces of the puzzle together. (*See* Doc. 146-1 at p. 2) (wherein Plaintiffs assert that Vassallo is "the head of emergency medicine at Bellevue hospital and an expert on thermoregulation, which is the body's ability to regulate its temperature and respond to environmental inputs"); (*See* Doc. 159-1 at ¶¶ 8—11) (wherein affiant asserts that, in an unrelated case, he and opposing counsel paid Vassallo $500 per hour).

Having failed to provide the Court with a reasonable rate, Plaintiffs will, for Vassallo's 2.5 hours of deposition testimony, be reimbursed at Defendants' proposed rate of $350 per hour.

III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Plaintiffs' **Motion to Compel Payment of Expert Fees (Doc. 146-1)** is **GRANTED IN PART** and **DENIED IN PART**.[3] The Court **ASSESSES COSTS** against Defendants in the amount of $1,939.50 in fees.[4]

**IT IS FURTHER ORDERED** that Plaintiffs' **Motion for Expedited Consideration of Motion to Compel Payment of Expert Fees (Doc. 204)** is **DISMISSED** as moot.

Baton Rouge, Louisiana, this 30th day of September, 2015.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[3] Because Defendants' objections were "substantially justified," Plaintiffs are not entitled to attorney's fees pursuant to Rule 37(a)(5)(A).

[4] Balsamo ($704.75) + Garon ($359.75) + Vassallo ($875) = $1,939.50