UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ELZIE BALL, NATHANIEL CODE, AND JAMES MAGEE, | * * * | CIVIL ACTION NO. 13-368 |
| PLAINTIFFS | * * | |
| VS. | * * | |
| JAMES M. LEBLANC, SECRETARY OF THE LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, BURL CAIN, WARDEN OF THE LOUISIANA STATE PENITENTIARY, JAMES CRUZE, WARDEN OF DEATH ROW, AND THE LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, | * * * * * * * * * * | JUDGE: BAJ<br><br>MAGISTRATE: SCR |
| DEFENDANTS | * | |

**MEMORANDUM IN SUPPORT OF DISCOVERY REGARDING COSTS OF REMEDIAL MEASURES**

**Introduction**

The Defendants have offered a plan which, upon initial review and comparison with this Court's previous findings (Rec. Doc. 87), does not reduce the substantial risk of serious harm to the Plaintiffs. The Fifth Circuit affirmed this Court's finding that there was an ongoing constitutional violation, but remanded for consideration of other narrower ways to remedy the constitutional violation. Because Defendants have now rejected the alternatives suggested by the Fifth Circuit and proposed no other effective remedy, Plaintiffs believe that mechanical cooling must still be considered, because "Courts may not allow constitutional violations to continue simply because a remedy would involve intrusion into the realm of prison administration."

1

*Brown v. Plata*, 563 U.S. 493, 131 S.Ct. 1910 (U.S. 2011). *See also, e.g.*, *Jones v. Gusman*, 296 F.R.D. 416, 430 (E.D. La. 2013).

**Background**

The Fifth Circuit "remand[ed] the district court's injunction for reconsideration under the principles stated" in its ruling. *Ball v. LeBlanc*, 792 F.3d 584, 600 (5th Cir. 2015). In its opinion, the Fifth Circuit relied on several facts which remained in dispute, including that this Court's previous injunction required a remedy which "of course is expensive." *Id.* But it is indisputable that there was no evidence in the record on the issue of expense. In fact, the cost of the remedy had been a subject of dispute throughout the litigation and Defendants were sanctioned for their refusal during discovery to provide such information. *See* Rec. Doc. 88 at 44 ("sanctions against Defendants are appropriate based on Defendants' failure to timely disclose information regarding the cost of installation of air-conditioning in Angola's death row tiers.").[1]

The Fifth Circuit also misstated the position of Plaintiffs' expert when it stated that "Plaintiffs' own expert, Dr. Vassallo, explained that there are many acceptable remedies short of facility-wide air conditioning." *Ball*, 792 F.3d at 599. This is incorrect. Dr. Vassallo testified that "morbidity and mortality from heat rises exponentially" when the heat index exceeds 88 degrees. Rec. Doc. 87 at 3-4 & n.8; *see also* Rec. Doc. 87 at 100 (adopting 88-degree threshold to remedy constitutional violation). Dr. Vassallo's expert report noted that "air conditioning . . . should be

---

[1] Even if, assuming *arguendo*, the installation of mechanical cooling is expensive, high expenses do not bar injunctive relief where the injunctive relief is the ***only*** available remedy to correct a constitutional violation. *Smith v. Sullivan*, 553 F.2d 373, 378 (5th Cir. 1977) ("Inadequate resources can never be an adequate justification for depriving any person of his constitutional rights."); *Gates v. Collier*, 501 F.2d 1291, 1319 (5th Cir. 1974) ("Where state institutions have been operating under unconstitutional conditions and practices, the defenses of fund shortage and the inability of the district court to order appropriations by the state legislature, have been rejected by the federal courts."). As a matter of law, there must be some remedy available to secure Plaintiffs' rights under the Eighth Amendment.

2

viewed as a medical necessity for inmates at especially high-risk for heatstroke" and stated that "fans do not lessen the risk from . . . extreme temperatures." PLS_EX_099-0007. Dr. Vassallo explicitly recommended that "Plaintiffs should be housed in a cool environment whenever the heat index reaches 88° F." *Id.* Defendants' proposed remedial plan does not even purport to have considered this remedy—i.e. housing Plaintiffs in a cool environment—to address the substantial risk of serious harm to the Plaintiffs.

On remand, the Fifth Circuit proposed that this Court re-assess its injunction and limit its relief to "*Gates*-type" elements, which the Fifth Circuit enumerated as follows:

> For example, the Defendants could divert cool air from the guards' pod into the tiers; allow inmates to access air conditioned areas during their tier time; allow access to cool showers at least once a day; provide ample supply of cold drinking water and ice at all times; supply personal ice containers and individual fans; and install additional ice machines.

*Ball v. LeBlanc*, 792 F.3d 584, 599 (5th Cir. 2015).

Having rejected a number of the Fifth Circuit's suggestions, and implementing only those suggestions that this Court's previous factual findings make clear are insufficient, the plan proposed by Defendants plainly does not remedy the constitutional violation.

**Discussion**

1. *Discovery Should be Construed Liberally, and Defendants Should not be Permitted to Benefit from their Discovery Violations.*

Generally, the scope of discovery is very broad, though it is not unlimited. *Heck v. Buhler*, 2015 U.S. Dist. LEXIS 158206 (M.D. La. Nov. 23, 2015) (citing *Crosby v. Louisiana Health Serv. & Indent. Co.*, 647 F.3d 258, 264 (5th Cir. 2011)). Fed. R. Civ. P. 1 provides that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action

and proceeding." "A district court is afforded 'broad discretion when deciding discovery matters.'" *McCollum v. Puckett Mach. Co.*, 2015 U.S. App. LEXIS 17695 (5th Cir. Oct. 6, 2015).

> "[D]iscovery matters are committed almost exclusively to the sound discretion of the trial [j]udge." Federal Rule of Civil Procedure 26(b) sets the scope of discovery broadly, allowing parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). In general, information is discoverable if it "appears reasonably calculated to lead to the discovery of admissible evidence."

*In re Leblanc*, 559 Fed. Appx. 389, 392 (5th Cir. La. 2014) (internal citations omitted).

Here, the relative cost of remedial measures is relevant. It was made relevant when Defendants first put it at issue in their response to Plaintiffs' Motion for Preliminary Injection (Rec. Doc. 15) and when the Fifth Circuit indicated that mechanical cooling was "expensive" and thus not the least intrusive remedy available. *Ball*, 792 F.3d at 600. Indeed, this Court sanctioned the Defendants for not providing to Plaintiffs an estimate of the costs associated with air conditioning in the original discovery phase of this matter. Rec. Doc. 88.

Because there is a serious issue as to the adequacy of Defendants' proposed plan, Plaintiffs now seek the cost of the previously proposed remedial measures in order to assess how previously proposed remedial measures compare with Defendants' proposed plan in terms of costs and effectiveness.[2] If this Court were to bar discovery into the costs of Defendants' previously proposed plans, Defendants would benefit from their previous discovery violations and the Fifth Circuit's ruling that was based in part upon a belief that Defendants' previously proposed plan was "expensive." This would be an unfair result that would further prejudice

---

[2] Indeed, in *Plata*, as in this case, there were other proposed remedies, such as ordering construction of new facilities or transfer of prisoners to different facilities, which were considered and discarded. However, unlike this case, all proposed remedies were designed to actually fix the existing violation. 131 S.Ct. at 1937.

4

Plaintiffs' ability to build a record on what would constitute the narrowest and least intrusive remedy that is nevertheless necessary to remedy the Eighth Amendment violation that has now been established with certainty.

Moreover, the information sought is almost certainly known to Defendants and providing this information will place little burden upon them. The Defendants have previously conducted a review of the cost.[3] In June of 2014, the Defendants represented to Special Master Hebert and Plaintiffs' counsel that installing air conditioning on death row was "already budgeted" and, by utilizing inmate labor, could be accomplished within a "comfortable" timeline of four weeks, perhaps less. *See* Ex. A, Attorney Declarations and Affidavit of June 5, 2014. Obviously, in order to make that assertion the Defendants would have to have already conducted a review of the necessary expenses in order to be confident that the modification would be within the existing budget. *Id.*

2. *Compliance with the PLRA Requires an Evaluation of the Available Remedy.*

In order to comply with the "narrowness-need-intrusiveness" requirement of the PLRA, 18 U.S.C. § 3626(a)(1)(A), Courts must review "the available remedial alternatives." *Feliciano v. Rullan*, 378 F.3d 42, 54 (1st Cir. 2004). In conducting this review, the Court must be mindful that "[h]aving stripped [prisoners] of virtually every means of self-protection and foreclosed their

---

[3] It also seems evident that Plaintiffs would get this discovery if they moved under the PLRA, 18 U.S.C. § 3626(e), for modification of the relief. In that scenario, Plaintiffs would be permitted to get discovery about the effectiveness of the relief being implemented and whether Plaintiffs' proposed modification of the relief is necessary, narrow, and non-intrusive by examining the costs of air conditioning and any available remedial alternatives. *Graves v. Arpaio*, 48 F. Supp. 3d 1318, 1329-30 (D. Ariz. 2014) *amended,* No. CV-77-00479-PHX-NVW, 2014 WL 6983316 (D. Ariz. Dec. 10, 2014) (permitting discovery into the effectiveness of remedy and effective implementation of remedy); *Graves v. Arpaio*, No. CV-77-00479-PHX-NVW, 2011 WL 1843026, at *5 (D. Ariz. May 16, 2011) (permitting discovery relating to effectiveness of remedy so that, if remedies were ineffective, plaintiffs could propose alternative remedies).

5

access to outside aid, the government and its officials are not free to let the state of nature take its course." *Ruiz v. Johnson*, 37 F. Supp. 2d 855, 886 (S.D. Tex. 1999), *rev'd on other grounds,* 243 F.3d 941 (5th Cir. 2001), *remanded to* 154 F. Supp. 2d 975 (S.D. Tex. 2001).

If the Defendants' attempts to remedy the constitutional violation prove insufficient, "the PLRA contemplates that courts will retain authority to issue orders necessary to remedy constitutional violations." *Plata*, 131 S.Ct. at 1940; *see also Ruiz*, 37 F. Supp. 2d at 866 (district court ordered new discovery where the state sought to terminate judicial oversight under the PLRA, in order to develop a record on the alleged existence of ongoing constitutional violations pursuant to "the PLRA's mandate that the existence of 'ongoing constitutional violations' be considered"), *rev'd on other grounds,* 243 F.3d 941 (5th Cir. 2001), *remanded to* 154 F. Supp. 2d 975 (S.D. Tex. 2001). A "record of abject failure matters in the narrowness-need-intrusiveness inquiry." *Feliciano*, 378 F.3d at 55 (endorsing a privatization of prison health care where there was a record of ongoing constitutional violations); *see also Benjamin v. Fraser*, 343 F.3d 35, 49 (2d Cir. 2003) (upholding narrowness-need-intrusiveness findings "in light of the district court's finding that the [defendant's] compliance with its remedial responsibilities has been consistently incomplete and inadequate").

Thus, in order to evaluate the current proposed plan by Defendants to determine whether it comports with the Constitution, it is necessary for Plaintiffs to complete the discovery on the first remedial plan. Indeed, where there is a dispute as to the appropriate remedy, even after remand, courts have permitted discovery relating to the remedies proposed by the parties. *See, e.g.*, *Graves v. Arpaio*, No. CV-77-00479-PHX-NVW, 2011 WL 1843026, at *3 (D. Ariz. May 16, 2011) (discovery permitted on the issue of appropriateness and effectiveness of remedy).

*3. Supreme Court Precedent Allows this Court to Consider Mechanical Cooling.*

In evaluating whether remedies correct a constitutional violation, this Court must consider evolving standards of decency. *Plata*, 131 S. Ct. at 1926 n.3. *Plata* affirmed the Supreme Court's earlier application of this standard in *Helling v. McKinney*, 509 U.S. 25, 29 (1993), where evolving societal standards and greater understanding of the risks associated with cigarette smoke were relevant to determining whether exposure to second hand smoke amounted to a constitutional violation.

In furtherance of this principle, the Supreme Court has stated that "all continuing equitable decrees[] must remain open to appropriate modification." *Plata*, 131 S.Ct. at 1947. The present case is almost identical to *Plata* in this regard. In that case, the Court concluded that a three judge panel's order to reduce the population of California's prisons was appropriate. The Court relied in part on the idea that alternative remedial measures would suffice so long as they met the constitutional violation:

> The State argues that the violation could have been remedied through a combination of new construction, transfers of prisoners out of State, hiring of medical personnel, and continued efforts by the Plata Receiver and Coleman Special Master. The order in fact permits the State to comply with the population limit by transferring prisoners to county facilities or facilities in other States, or by constructing new facilities to raise the prisons' design capacity. And the three-judge court's order does not bar the State from undertaking any other remedial efforts. If the State does find an adequate remedy other than a population limit, it may seek modification or termination of the three-judge court's order on that basis. The evidence at trial, however, supports the three-judge court's conclusion that an order limited to other remedies would not provide effective relief.

131 S.Ct. at 1937.

In this matter, temperature (not heat index) data on death row have been digitally collected since December 2014. *See* Ex. B, Death Row Tiers Temperature Data Dec. 6, 2014 to Aug. 10, 2015. They reflect that the conditions on death row clearly violate the Constitution. *See, e.g., Hinojosa v. Livingston*, case no. 14-40459 (5th Cir., Nov. 18, 2015) ("Our precedent clearly

establishes that the Eighth Amendment guarantees inmates a right to be free from exposure to extremely dangerous temperatures without adequate remedial measures."). The Defendants have proposed a set of remedial measures that Plaintiffs reasonably believe will not remedy the constitutional problem because they fail to ameliorate the conditions of confinement to address the substantial risk of serious harm and, by their own terms, do not meet even the substandard remedial principles set forth by the Fifth Circuit.

Plaintiffs, through this motion, merely seek to discover information that will allow them to provide informed argument as to the adequacy of the Defendants' proposed remedy and available alternatives.

Date: December 11, 2015

    Respectfully submitted,

    /s/ Mercedes Montagnes
    Mercedes Montagnes, La. Bar No. 33287 (Lead Counsel)
    Elizabeth Compa, La. Bar No. 35004
    The Promise of Justice Initiative
    636 Baronne Street
    New Orleans, LA 70113
    Tel. (504) 529-5955
    Fax (504) 558-0378
    Email: mmontagnes@thejusticecenter.org

    James M. Lee, Ca. Bar No.192301, *Pro Hac Vice*
    Nilay U. Vora, Ca. Bar No. 268339, *Pro Hac Vice*
    Lee Tran & Liang LLP
    601 S. Figueroa Street, Suite 3900
    Los Angeles, California 90017
    tel: 213-612-8900
    fax: 213-612-3773
    Email: nilay.vora@ltlattorneys.com

    Steven Scheckman, La. Bar No. 08472
    Schiff, Scheckman, & White LLP
    829 Baronne Street
    New Orleans, Louisiana 70113
    Tel. (504)581-9322
    Fax (504)581-7651
    Email: steve@sswethicslaw.com

CERTIFICATE OF SERVICE

       I do hereby certify that on December 11, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

                                    /s/ Mercedes Montagnes
                                    Mercedes Montagnes, La. Bar No. 33287 (Lead Counsel)
                                    The Promise of Justice Initiative
                                    636 Baronne Street
                                    New Orleans, LA 70113
                                    Tel. (504) 529-5955
                                    Fax (504) 558-0378
                                    Email: mmontagnes@thejusticecenter.org