# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELZIE BALL, ET AL** | **CIVIL ACTION NO. 13-368** |
| **VERSUS** | **JUDGE BRIAN A. JACKSON** |
| **JAMES M. LEBLANC, ET AL** | **MAGISTRATE JUDGE WILDER-DOOMES** |

### DEFENDANTS' SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS

TO: Elzie Ball, Nathaniel Code, and James Magee
*Through their counsel of record*
Mercedes Montagnes via email: mercedesm@thejusticecenter.org
Elizabeth Compa via email: bethc@thejusticecenter.org
Nilay Vora via email: nuv@birdmarella.com

NOW COMES DEFENDANTS, James M. LeBlanc, Secretary of the Louisiana Department of Public Safety and Corrections, Burl Cain, Warden of the Louisiana State Penitentiary, James Cruze, Warden of Death Row and the Louisiana Department of Public Safety and Corrections, through undersigned counsel, who submits these Second Supplemental Reponses to Plaintiffs' Requests for Production of Documents as follows:

### GENERAL OBJECTIONS AND QUALIFICATIONS

1. This response is solely for the purpose of the above captioned matter and not for any other purpose. Continuing and specific objections to all discovery requests are made to relevance, admissibility, materiality and other objections which would require the exclusion of evidence or information disclosed herein, if sought to be produced in any court or administrative proceeding.

2. These responses are based on information presently in the custody of and known to defendants and are made without prejudice to the right to utilize subsequently discovered facts, witnesses, documents, or things. Defendants reserve the right to supplement its response.

3. Defendants object to any discovery request which is vague, overly broad, unduly burdensome, seeks irrelevant information or is not reasonably calculated to lead to the discovery of admissible evidence.

1

4. Defendants object to any discovery request seeking or which could be construed to seek confidential information. The production of any confidential document is inadvertent and shall not be construed as a waiver of any confidentiality.

5. Defendants object to any discovery request seeking or which could be construed to seek information or documents protected by any privilege, including but not limited to the attorney-client or work product privileges. The production of any privileged document is inadvertent and shall not be construed as a waiver of any applicable privilege.

6. Further, certain Requests for Production are not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense of the proposed discovery outweighs its likely benefit.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:**

All COMMUNICATIONS between DEFENDANTS and any person RELATING TO the SECOND HEAT REMEDIATION PLAN.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:**

Defendants object to this request in that it inquires into matters protected from disclosure by the attorney-client privilege. Defendants further object to this request in that it calls for attorney work product used in trial preparation of this matter. Subject to said objection, please see the privilege log attached to Defendants' First Supplemental Responses to Plaintiffs' Requests for Production of Documents, produced on January 13, 2016.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:**

All DOCUMENTS that DEFENDANTS reviewed in evaluating whether the SECOND HEAT REMEDIATION PLAN would adequately address the violation of PLAINTIFFS' rights under the Eighth Amendment.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:**

Please see the opinion issued by the Fifth Circuit Court of Appeals on July 18, 2015, Defendants' First Heat Remediation Plan with accompanying documents, Defendants' Second Heat Remediation Plan with accompanying documents, and the transcript from the trial of this matter, specifically, the trial testimony of both Dr. Susi Vassallo and Dr. Raman Singh.

*Signature on next page.*

s/ James L. Hilburn
E. Wade Shows, La. Bar Roll No. 7637
James L. Hilburn, La. Bar Roll No. 20221
Grant J. Guillot, La. Bar Roll No. 32484
**SHOWS, CALI & WALSH, LLP**
628 St. Louis Street (70802)
P.O. Drawer 4425
Baton Rouge, Louisiana 70821
Telephone: (225) 346-1461
Facsimile: (225) 346-1467

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 21st day of January, 2016, a copy of the foregoing was sent to counsel for Plaintiffs via email.

s/ James L. Hilburn
JAMES L. HILBURN