UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| ELZIE BALL, ET AL. | : | CIVIL ACTION NO. 13:-00368-BAJ-EWD |
|---|---|---|
| VERSUS | : | JUDGE BRIAN A. JACKSON |
| JAMES M. LEBLANC, ET AL. | : | MAGISTRATE ERIN WILDER-DOOMES |

# REPORT OF SPECIAL MASTER PAUL J. HEBERT
## (March 15, 2016)

In accordance with the Court's Order of May 23, 2014 the following report is the 12th report of the Special Master Paul J. Hebert.

On March 7, 2016 I attended a hearing before Chief Judge Brian A. Jackson regarding Plaintiffs' objection to Defendants' Second Heat Remediation Plan (the "Second Plan"). The following issues were addressed:

1. Commencement of the Second Plan by the State;
2. Application of Fifth Circuit appellate decision;
3. Calibration of digital equipment;
4. Whether ice distribution creates a security problem on death row;
5. Maintaining ice distribution records;
6. Commencement of temperature reporting by April 1, 2016; and
7. Simultaneous distribution of heat monitoring reports.

I held a telephone conference on March 10, 2016 to discuss the status of several pending matters pertaining to the Second Plan. The telephone conference was attended by Mercedes Montagnes and Elizabeth Compa, counsel for Plaintiffs, and James Hilburn, counsel for Defendants.

The first issue addressed in the telephone conference was the email circulated by Mr. Hilburn on March 8, 2016 stating that the prison can install a shower water control valve like those found in homes which the inmates could use to adjust the water temperature while taking a shower. Ms. Montagnes stated that counsel for Plaintiffs previously conducted discovery on the Second Plan, including a deposition regarding the shower water control valve originally described in the Second Plan. Ms. Montagnes requested information about the new shower water control valve proposed by Defendants, including the reason for changing the type of valve from the one provided in the Second Plan and what the temperature ranges of the showers would be. Ms. Montagnes expressed concern that the coolest shower water would be lukewarm and therefore might not provide the intended cooling effect. It was agreed that the Defendants would circulate detailed information regarding the new shower water control valve within the next week. In addition, I ordered Defendants to amend the Second Plan to reflect the different shower water control valve.

The humidity sensors were addressed next. Counsel confirmed that the humidity sensors will measure the percentage of water in the air and that the data will be provided to me. I requested that a site visit be scheduled as soon as possible to allow Plaintiffs' expert to inspect the devices and check the calibration of the sensors in accordance with Judge Jackson's request. A site visit by Plaintiffs' expert, David Garon, has been scheduled for that purpose on the morning of Thursday, March 17, 2016.

Mr. Hilburn and Ms. Montagnes confirmed they were in agreement with the current location of the digital monitoring devices. Ms. Montagnes asked Defendants to provide the date on which the humidity sensors were installed and Mr. Hilburn agreed to provide that information.

I asked counsel to brief the issue of the formula to be used in calculating the heat index in the tiers. Ms. Montagnes indicated that Plaintiffs and Defendants would reach a consensus on the heat index formula to be applied.

I informed counsel that I wanted to receive heat and humidity readings every fifteen (15) minutes. Mr. Hilburn stated that he would arrange for Otis Ratcliff to contact my office in the next few days to arrange for the transmission of the heat and humidity data to me so I can begin monitoring the conditions.

Mr. Hilburn indicated that the large fans provided in the Second Plan should be installed by now. I informed counsel that I will not address the shower water temperature issue on a daily basis. If counsel has a concern regarding the shower water temperatures or the provision of ice to the Plaintiffs, counsel should inform me so their concern can be addressed.

Respectfully submitted,

PAUL J. HEBERT
Special Master
March 15, 2016