UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELZIE BALL, NATHANIEL CODE AND JAMES MAGEE** | **CIVIL ACTION NO. 13-368** |
| **VERSUS** | **JUDGE BRIAN A. JACKSON** |
| **JAMES M. LEBLANC, SECRETARY OF THE LOUISIANA DEPARTMENT OF CORRECTIONS, ET AL.** | **MAGISTRATE JUDGE ERIN WILDER-DOOMES** |

**MEMORANDUM IN OPPOSITION TO MOTION TO MODIFY INJUNCTION**

MAY IT PLEASE THE COURT:

**I.   SUMMARY OF ARGUMENT**

The earlier Fifth Circuit Court of Appeals decision in this case shows that the inability to control the climate and prevent the heat index from rising above 88 degrees does not create a *per se* constitutional violation. Rec. Doc. 240. Rather, the Fifth Circuit held that air conditioning is not a required remedy if the heat index rises above 88 degrees. Rec. Doc. 240 at 22-24.[1] There is no other method that exists that would control the climate and prevent the heat index from rising above 88 degrees other than air conditioning. In contrast to the express denial of air conditioning and refusal to adopt 88 degrees as the threshold for a constitutional violation, the Fifth Circuit specifically endorsed the types of remedial measures currently employed by Defendants. Rec. Doc. 240 at 23. Further, the Fifth Circuit specifically listed "remedies short of facility-wide air conditioning" and held that "the district court must limit its relief to these types of remedies." Rec. Doc. 240 at 22-23. Accordingly, the remediation plan currently employed by Defendants

---

[1] The Defendants are referring to the pagination supplied by CM/ECF.

1

has not failed, no constitutional violation exists, and there are no grounds upon which to order Defendants to install air conditioning.

The Fifth Circuit has reiterated the position it took in this case: "[T]o the extent this court's precedents speak about more comprehensive heat remedies, they reject that air conditioning must be installed to ensure cool prisons. *Hinojosa v. Livingston*, 807 F.3d 657, 680, n. 7 (5th Cir. 2015) (citing *Ball v. LeBlanc*, 792 F.3d 584, 599 (5th Cir. 2015); *Blackmon v. Garza*, 484 Fed.Appx. 866, 872, n. 6 (5th Cir. 2012)). In *Blackmon*, the Fifth Circuit noted "that, like the *Gates* court, we do not suggest that air conditioning is mandatory to meet the requirements of the Eighth Amendment." 484 Fed.Appx. at 872, n. 6; *see also Gates v. Cook*, 376 F.3d 323, 334, 339-40 (5th Cir. 2004). The Plaintiffs' position seems to be that because the Defendants cannot control the climate by providing them with fans, ice, water, showers, and the like, that they have violated the Eighth Amendment. *But see Hinojosa*, 807 F.3d at 670 ("While we have not had occasion to give an exhaustive list of acceptable remedial measures, *we have held that the provision of fans, ice water, and daily showers can suffice*.") (Citing, *inter alia*, *Gates,* 376 F.3d at 339-40) (emphasis added). To argue that the Defendants are required to control the climate by keeping the heat index below 88 degrees in effect mandates air conditioning. The Plaintiffs' argument, therefore, is contrary to Fifth Circuit precedent.

## II. PROCEDURAL HISTORY

This Court presided over a trial on the merits and found that the conditions at Louisiana State Penitentiary (LSP) death row violated the Eighth Amendment when the heat index rose above 88 degrees.[2] Rec. Doc. 87 at 97. As a result, this Court imposed an injunction requiring

---

[2] Defendants have attached their calculations of the heat index for tiers "B," "F," and "G" from Thursday May 12, 2016 through Wednesday May 18, 2016. *See* Exhibit A. Plaintiffs reside only on these tiers and, therefore, these are the only tiers at issue. Rec. Doc. 240 at 23 (discussing limiting relief to the three individual Plaintiffs as opposed to facility wide relief).

that Defendants create a plan that controls the climate at LSP death row such that the heat index remains at or below 88 degrees. Rec. Doc. 87 at 100.

On appeal, the Fifth Circuit held that the scope of the injunction violates the Prison Litigation Reform Act because it "ordered a type of relief – air conditioning – that is unnecessary to correct the Eighth Amendment violation" and "*plaintiffs are not entitled to the most effective available remedy; they are entitled to a remedy that eliminates the constitutional injury*." Rec. Doc. 240 at 22 (emphasis added). The Fifth Circuit also "note[d] the substantial disparity between the relief ordered in *Gates* and the scope of the injunction in this case" because the "*Gates* court did not mandate a maximum heat index" but merely "required particular heat measures, including fans, ice water, ice, and showers '*if* the heat index reaches 90 degrees or above.'" Rec. Doc. 240 at 24 (citing *Gates*, 376 F.3d at 336) (emphasis added). The Fifth Circuit cited *Gates* approvingly as "an injunction providing narrower relief" and concluded "on remand the court must craft relief more closely aligned with *Gates* as well as consistent with the PLRA." Rec. Doc 240 at 24-25. The Fifth Circuit determined that *Gates*–type remedial measures eliminate the constitutional injury because "there is no showing that the Constitution mandated more relief for these prisoners for the same prison condition." Rec. Doc. 240 at 24-25.

In response to the Fifth Circuit's pronouncement, Defendants designed the Second Heat Remediation Plan and Revised Second Heat Remediation Plan (collectively "Second Plan") to mirror the types of remedies the Fifth Circuit endorsed in *Gates*. *See* Rec. Doc. 251 and Rec. Doc. 299.[3] The Second Plan mirrors the *Gates*-type remedies because it "allow[s] access to cool

---

[3] The Fifth Circuit vacated this Court's earlier permanent injunction and remanded it for reconsideration. *See* Rec. Doc. 240 at 25. The Defendants' reading of the March 7, 2016 transcript indicates that this Court did not order any injunctive relief, but rather allowed the Defendants to voluntarily create a plan that they think complies with the Eighth Amendment. Rec. Doc. 297 at 55. Even if this Court had ordered the Defendants to comply with their own Second Remediation Plan, that order would not qualify as a temporary injunction because the order would necessarily last more than 14 days. *See* FRCP 65(b)(2). A preliminary injunction is designed to preserve the status quo pending a trial on the merits. *See Collum v. Edwards*, 578 F.2d 110, 113 (5th Cir. 1978). In this case, the trial

3

showers at least once a day; provide[s] ample supply of cold drinking water and ice at all times; suppl[ies] personal ice containers and individual fans; and install[s] additional ice machines." Rec. Doc. 240 at 22-23.[4]

Despite the Fifth Circuit's determination that air conditioning is not an appropriate remedy, *Gates*-type remedial measures eliminate the alleged constitutional violation, and the fact that Defendant's Second Plan mirrors these remedial measures, Plaintiffs once again ask this Court to order air conditioning. Rec. Doc. 315-1 at 7. Plaintiffs recycle their demand for air conditioning, contrary to the Fifth Circuit's holdings that air conditioning is not a required remedy.

### III. LAW AND ARGUMENT

#### A. The requirement to maintain a heat index at or below 88 degrees is the same as the requirement to install air conditioning and was rejected by the Fifth Circuit.

An order to control the climate and maintain a heat index at or below 88 degrees is the same as an order to install air conditioning. Accordingly, when describing the requirement that "the state develop a plan to keep the heat index at or below 88° F" the Fifth Circuit stated that "[e]ffectively, the district court ordered Louisiana to install air conditioning." Rec. Doc. 240 at 7. The Fifth Circuit held that air conditioning is not an acceptable remedy for a court to require in this case. Rec. Doc 240 at 24. Therefore, any order or injunction requiring that Defendants control the climate and maintain a heat index at or below 88 degrees contradicts Fifth Circuit precedent.

---

has already occurred. Finally, a hypothetical order that the Defendants implement their own plan would not qualify as a permanent injunction unless "it grants [the Plaintiffs] all the relief it might ultimately be entitled to and makes no provision for further hearings." *Capital City Gas Co. v. Phillips Petroleum Co.*, 373 F.2d 128, 131 (2nd Cir. 1967); *see also Rathmann Grp. v. Tanenbaum*, 889 F.2d 787, 790 (8th Cir. 1989) (same). The continuation of these proceedings demonstrates that no permanent injunction has been entered.

[4] Defendants previously addressed the impracticability of the Fifth Circuit's suggestion that Defendants could open the guard pod doors to allow air conditioning to overflow into the death row tiers. Rec. Doc. 251 at 2-3. This Court agreed and stated "It's clear from the affidavit and pleadings that that's simply not a practical option here for various reasons." Rec. Doc. 290-8 at 15.

### B. This Court has recognized and expressly stated on record that an order requiring air conditioning is not appropriate.

At least twice this Court recognized on the record that an order requiring air conditioning is not appropriate. Rec. Doc 290-8 at 37-38, 50-51

First, during a December 1, 2015 status conference this Court entertained a verbal request by Plaintiffs' counsel for discovery regarding the costs of installing air conditioning despite the Fifth Circuit's ruling that air conditioning is not an acceptable remedy. Rec. Doc. 290-8 at 37. Counsel for Defendant responded "Your Honor, we've litigated it. The Fifth Circuit has spoken. I don't know why we would go back." Rec. Doc. 290-8 at 37. Importantly, this Court then stated "Well I think that's right," followed by a brief discussion of ambiguity in the Fifth Circuit's opinion before stating "[w]hat is clear, however, is that that panel of the Fifth Circuit has determined that mechanical air will not be required." Rec. Doc. 290-8 at 37-38.

Second, during the same status conference this Court entertained a verbal request by Plaintiffs' counsel to brief "whether or not this Court would be able to reorder mechanical cooling." Rec. Doc. 290-8 at 50. This Court responded "you can address that if you wish…but my reading of the Fifth Circuit opinion is -- clearly restrains me from ordering mechanical air at this point. I think the Circuit was absolutely clear." Rec. Doc. 290-8 at 50. This Court then briefly mentioned the impracticability of opening the guard pod for the purpose of air conditioning the tiers before stating "I'm going to be hard pressed, unless you give me a U.S. Supreme Court decision that says I can [reorder mechanical cooling] despite with the Fifth Circuit says." Rec. Doc. 290-8 at 51.

**C. The Fifth Circuit expressly endorsed *Gates*-type remedial measures, reaffirmed their sufficiency, and commanded this Court to limit relief to these measures.**

In *Gates,* prisoners complained of similar conditions and the trial court found that the "probability of heat-related illness is extreme on Death Row." *Gates* at 334. As a result, the trial court ordered that "defendants will insure that each cell is equipped with a fan, that ice water is available to each inmate, and that each inmate may take one shower during each day when the heat index is 90 degrees or above." *Id.* at 336. On appeal, the Fifth Circuit was required to determine whether the trial court's order was necessary and sufficient to eliminate the constitutional injury and therefore proper injunctive relief. The Fifth Circuit affirmed the trial court injunction. *Id.* at 340.

The Fifth Circuit opinion in this case cites *Gates* and states "[s]ince *Gates* upheld an injunction providing narrower relief, and there is no showing that the Constitution mandated more relief for these prisoners for the same prison condition in this case, on remand the court must craft relief more closely aligned with *Gates*." Rec. Doc 240 at 24-25.

Again, the Fifth Circuit has interpreted *Gates* as a method to remediate high heat such that there is no Eighth Amendment violation: "While we have not had occasion to give an exhaustive list of acceptable remedial measures, we have held that the provision of fans, ice water, and daily showers can suffice." *Hinojosa*, 807 F.3d at 670 (citing, *inter alia*, *Gates,* 376 F.3d at 339-40) (emphasis added).

**D. Defendants are employing *Gates*-type remedial measures and thereby remedying any alleged constitutional violation.**

In accordance with the Fifth Circuit's opinion in this case, Defendants created the Second Plan to mirror the *Gates*-type remedies and thereby eliminate the alleged constitutional violation. For example, the Second Plan provides Plaintiffs with access to cold showers, individual fans,

individual ice chests, backup ice machines, increased access to ice, and ice water. Rec. Doc. 263, 263-1, 251, 251-2, 299, 299-1. Indeed, there are no material differences between the remedies offered in *Gates* and the remedies offered under Defendant's Second Plan. As a result, *Gates* is no longer distinguishable and, therefore, the *Gates*-type remedies offered by Defendants under the Second Plan eliminate any alleged constitutional violation.

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully submit that the heat index rising above 88 degrees does not create a constitutional violation and there is no current constitutional violation under the Second Plan.

Respectfully Submitted:

 /s/ Winston White
Winston White (La. Bar Roll No. 36080)
Colin Clark (La. Bar Roll No. 33775)
Assistant Attorneys General
Louisiana Department of Justice
1885 North 3rd Street
P.O. Box 94005
Baton Rouge, Louisiana 70804-9005
Telephone: (225) 326-6200
Facsimile: (225) 326-6297
Email:  ClarkC@ag.louisiana.gov
         WhiteW@ag.louisiana.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 19, 2016 a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, and notice will be sent to all counsel of record, by operation of the court's electronic filing system.

 /s/ Winston White
WINSTON WHITE