UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BALL, ET AL.                                          CIVIL ACTION

VERSUS

JAMES M. LEBLANC, SECRETARY                           NO: 13-00368-BAJ-EWD
OF THE LOUISIANA DEPARTMENT OF
PUBLIC SAFETY AND CORRECTIONS,
ET AL.

## RULING AND ORDER

Before the Court is the opposed **Report of Special Master Paul J. Herbert For June 2017 (Doc. 433)** ("Report") pursuant to Rule 53(a)(1) of the Federal Rules of Civil Procedure. The Report addresses Plaintiffs' **Second Motion to Maintain the Status Quo (Doc. 410)** ("Second Motion"), which was referred to the Special Master on May 05, 2017, for his report and recommendation. (Doc. 413). Plaintiffs Elzie Ball, Nathaniel Code, and James Magee filed their Second Motion to seek an order from the Court to enforce the Court's first order to Maintain the Status Quo (Doc. 214) against Defendants Secretary James M. LeBlanc, Warden Nathan Burl Cain, and the Louisiana Department of Public Safety and Corrections. Particularly, Plaintiffs request that the Court issue an order to show cause why Defendants should not be held in contempt for their alleged violation of the Court's Injunction, which explicitly relied upon the operation of the exhaust ventilation system to achieve the diversion of cool air from the guards' pod to the Tier C cells in which Plaintiffs are

1

incarcerated, and thereby remedy the Eighth Amendment violation. (Doc. 410-1 at pp. 1–2).

The Special Master found that Defendants were in compliance with the Third Plan.[1] (Doc. 433 at p. 3). Plaintiffs objected. (Doc. 434). Defendants filed a response to Plaintiffs' objections. (Doc. 446). Plaintiffs' filed a reply in support of their objections. (Doc. 447). For the reasons stated in the Special Master's Report, and after an independent (*de novo*) review of the record including the objections filed by Plaintiffs, and having determined that the findings and recommendation are correct under the applicable law, the Special Master's Report is **ADOPTED**.

### I. STANDARD OF REVIEW

Rule 53(f) provides:

> **(3) Reviewing Factual Findings.** The court must decide de novo all objections to findings of fact made or recommended by a master . . . .
> **(4) Reviewing Legal Conclusions.** The court must decide de novo all objections to conclusions of law made or recommended by a master.
> **(5) Reviewing Procedural Matters.** Unless the appointing order establishes a different standard of review, the court may set aside a master's ruling on a procedural matter only for an abuse of discretion.

Fed. R. Civ. P. 53(f)(3)–(5). Here, Plaintiffs have objected to the factual findings, the legal conclusions, and have made procedural objections to the Special Master's report. (Doc. 434 at pp. 3–10). Nonetheless, the Court finds that the Special Master's factual findings and legal conclusions are correct, and the Special Master did not abuse his discretion procedurally. The Special Master has sole discretion to determine the format in which and exact time he will receive data from Defendants regarding

---

[1] The purpose of the Third Plan is to reduce and maintain the heat index in the Angola death row tiers at or below 88 degrees Fahrenheit. (Doc. 87; Doc. 379).

2

temperature, humidity, and heat index from each of the death row tiers. (Doc. 171 at p. 2). Moreover, the Special Master was directed to proceed with all reasonable diligence to complete the tasks assigned by the Court. (*Id.* at p. 3). Furthermore, the Special Master has the sole discretion to determine the appropriate procedures for resolution of all assigned matters and has the authority to take all appropriate measures to perform the assigned duties. (*Id.*; citing Fed. R. Civ. P. 53(c)(1)). Lastly, the Special Master may, by order, impose upon a party any sanction, other than contempt, and may recommend a contempt sanction against a party. (*Id.*; citing Fed. R. Civ. P. 53(c)(2)). Therefore, after an independent review of the record, evidence, and matters of law, Plaintiffs' objections are **OVERRULED**. *See In re: Deepwater Horizon*, 824 F.3d 571, 580 (5th Cir. 2016) (in which the appeals court upheld the district court's *de novo* review of the special master's report pursuant to Rule 53); *In re Abbott*, 667 F. App'x 473, 474 (5th Cir. 2016) (same); *In re Vioxx Prod. Liab. Litig.*, 544 F. App'x 255, 258 (5th Cir. 2013) (same).

## II. CONCLUSION

Having carefully considered the underlying Second Motion, the instant motions, and related filings, the Court approves the Special Master's Report, and hereby adopts its findings of fact, conclusions of law, and recommendation. Accordingly,

**IT IS ORDERED** that the **Report of Special Master Paul J. Herbert For June 2017 (Doc. 433)** is **ADOPTED** as the Court's opinion herein. Plaintiffs' request

3

for attorney's fees is **DENIED**; however, Defendants are ordered to pay fees and costs of Plaintiffs' expert, David Garon, for his work and site visit.

**IT IS FURTHER ORDERED** that Plaintiffs' **Second Motion to Maintain the Status Quo (Doc. 410)** is **DENIED**. The Court finds that Defendants did not fail to maintain the status quo.

Baton Rouge, Louisiana, this 21st day of December, 2017.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**